**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arnold George LAUER, Defendant-Appellant.**

**No. 13089.**

United States Court of Appeals Seventh Circuit.

Feb. 8, 1961.

Rehearing Denied April 12, 1961.

634

Theodore Lockyear, Jr., Lockyear & Lockyear, Evansville, Ind., for appellant.

Don A. Tabbert, U. S. Atty., Philip R. Melangton, Jr., Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Arnold George Lauer, defendant-appellant was indicted in a two count indictment charging unlawful sale of narcotics in violation of 26 U.S.C.A. § 4705(a). A special answer and plea filed by defendant asserting the unconstitutionality of 26 U.S.C.A. §§ 4705(a) and 4731 was denied by the District Court and the cause proceeded to trial before a jury. Defendant was found guilty by the jury on both counts and was sentenced for a period of 7½ years on Count I, together with a fine of $3,000.00, and for a concurrent 7½ year period on Count II.

The contested issues sought to be raised by the defendant's appeal are:

1. Whether 26 U.S.C.A. § 4705(a) is so vague and indefinite and 26 U.S.C.A. § 4731 such an improper delegation of power that the District Court erred in denying the special answer and plea of defendant.

2. Did the proof as to Count I establish that defendant came within the exemption set forth in 26 U.S.C.A. § 4702?

3. Did the District Court commit prejudicial error by announcing denial of de-

fendant's motions for acquittal within the presence and hearing of the jury?

4. Was the government required, in order to establish illegality of the sales of narcotics, to prove existence of order forms prepared and issued by the Secretary of the Treasury or his delegate?

5. Did the District Court err in admitting government exhibits in evidence?

6. Was the defense of entrapment established by the record?

■ 26 U.S.C.A. § 4705(a) makes it unlawful for any person:

"to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

26 U.S.C.A. § 4731 defined [1] "narcotic drugs" as including (1) certain designated named items, (2) any compound, manufacture, salt, derivative, or preparation thereof, and (3) any substance chemically identical therewith. It also included within the definition:

" * * * any drug * * * found by the Secretary or his delegate, after due notice and opportunity for public hearing, to have an addiction-forming or addiction-sustaining liability similar to morphine or cocaine, and proclaimed by the President to have been so found by the Secretary or his delegate. The Secretary or his delegate is authorized to issue necessary rules and regulations for carrying out the provisions of this subsection, and to confer or impose upon any officer or employee of the Treasury Department whom he shall designate or appoint, the duty of conducting any hearing authorized hereunder."

The narcotic drugs referred to in the indictment and proofs in the instant case were Pantopon (morphine) and Cocaine Alkaloid. These are substances described in the first two categories, "(1)" and "(2)" of § 4731. Thus it becomes unnecessary for us to consider the contentions advanced by the defendant that the provision of § 4731 which makes "chemically identical" substances narcotic drugs is constitutionally invalid because too vague and indefinite, and that the provisions including as narcotic drugs any drug found by the Secretary of the Treasury or his delegate to have addiction-forming or addiction-sustaining liability similar to morphine or cocaine constitute an unconstitutional delegation of legislative authority. The defendant's interests are not affected by the provisions of which he complains. They have no application in the instant case and the defendant is not in a position to raise the constitutional issues. United States v. Ansani, 7 Cir., 240 F.2d 216, certiorari denied Milner v. United States, 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759, rehearing denied 353 U.S. 978, 77 S.Ct. 1055, 1 L.Ed. 2d 1139.

■ The burden was upon the defendant to prove that he came within the exemption of § 4702(a). United States v. Chiarelli, 7 Cir., 192 F.2d 528, certiorari denied 342 U.S. 913, 72 S.Ct. 359, 96 L.Ed. 683. That the government did not prove the exact quantity of morphine contained in the 150 milligrams of Pantopon involved did not establish the sale as exempt. To sustain a claim of exemption it must be established that there was less than ¼ grain of morphine per avoirdupois ounce (less than .00120 grain of morphine) contained in the 150 milligrams and that active medical ingredients other than narcotics were contained in the preparation. Furthermore, preparations containing Pantopon are not within the exemptions accorded by § 4702. 26 C.F.R. 151.421(b).

■ At the close of the government's case and prior to the introduction of evidence on behalf of the defendant, counsel approached the bench and in the presence of the jury the District Court announced: "I would deny each of the motions for a judgment of acquittal". Counsel for de-

---

1. As the Section read on the date alleged in the indictment.

fendant then moved for a mistrial asserting that the announcement was made within the hearing of the jury. It is contended that the court committed prejudicial error in making the announcement and reversible error in not granting a mistrial. The record does not disclose whether the jurors or any of them heard the announcement as defendant asserts. But the government does not controvert the assertion that the announcement was made within the hearing of the jury. We disagree with defendant that the announcement was tantamount to an expression by the court that in its opinion the defendant was guilty. And, assuming the jurors heard what the court said, we are of the view that the instructions given cured any error. Defendant's reliance upon Breese v. United States, 4 Cir., 108 F. 804 is misplaced. There the court told the jury it was their duty to convict the defendant. From our review of the record here, and the instructions given, we are satisfied that defendant was given a fair trial and that the District Court's refusal to grant a mistrial was not reversible error.

■ There is no merit to defendant's contention that it was incumbent upon the government to prove that the Secretary of the Treasury or his delegate has prepared and issued order forms for the sale of narcotic drugs. The statute, § 4705(a), prohibits the sale of such drugs except in pursuance of a written order executed on such a form. Without such order form, whether they are in existence or not, the sale of narcotic drugs is illegal.

■ We have examined the testimony concerning the identification and chain of custody of the government's exhibits and conclude that the District Court did not err in admitting them in evidence. Defendant complains that the informer-witness was not asked to identify the actual exhibits although he testified he handed the drugs to the government agent on each of the occasions involved. The government agent testified that the government exhibits in question were handed to him by the informer-witness on the dates in question. The failure to elicit the information in the same manner from the informer-witness did not make the identification insufficient as defendant seems to urge.

■ We find nothing in the record which lends any color to defendant's claim of entrapment. This contention is wholly devoid of any merit. On the facts presented in the record before us United States v. Stocker, 7 Cir., 273 F.2d 754, and United States v. Becker, 2 Cir., 62 F.2d 1007 are pertinent. The jury was warranted in concluding that the informer-witness merely afforded defendant an opportunity and the defendant embraced the opportunity. There is no basis for a finding of entrapment as a matter of law. That the informer-witness was released from custody on other narcotic law violation charges does not, as urged by defendant, in and of itself constitute his activities an entrapment of defendant. He had bought narcotic drugs from defendant on prior occasions. The jury was properly instructed on entrapment and there was evidence from which it could properly conclude that the idea of the criminal conduct was not implanted in defendant's mind by either the informer-witness or the law enforcement officers and that defendant was not induced to commit an offense.

We have carefully considered all other arguments advanced by defendant in support of his position on the issues raised but conclude that the judgment order of the District Court should be affirmed.

Affirmed.