Arnold George **LAUER**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 14041.

United States Court of Appeals Seventh Circuit.

July 17, 1963.

William C. Erbecker, Indianapolis, Ind., for appellant.

Richard P. Stein, U. S. Atty., Robert W. Geddes, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before DUFFY, CASTLE and MAJOR, Circuit Judges.

CASTLE, Circuit Judge.

Arnold George Lauer, petitioner-appellant, was convicted of unlawful sales of narcotics in violation of 26 U.S.C.A. § 4705(a). The indictment was in two counts, each of which related to a different sale. Appellant was found guilty by a jury on both counts and was sentenced for a period of 7½ years on Count I, together with a fine of $3000.00, and for a concurrent 7½ year term on Count II. The convictions were affirmed by this Court in United States v. Lauer, 7 Cir., 287 F.2d 633, cert. den., 368 U.S. 818, 82 S.Ct. 34, 7 L.Ed.2d 24.

Thereafter, on October 31, 1962, the District Court denied a motion filed by appellant to vacate and set aside the sentences pursuant to 28 U.S.C.A. § 2255. This appeal is from the order denying such motion. The motion as amended asserts the insufficiency of the indictment to charge an offense because of the failure of each of the counts to set forth the name of the person to whom the alleged unlawful sale of narcotics was made. It also asserts constitutional infirmity of the convictions because of alleged knowing use of perjured testimony by the prosecution.

Neither of these issues was raised or considered in appellant's previous appeal to this Court (287 F.2d 633).

On June 6, 1963 we filed an opinion in this appeal. The government filed a petition for rehearing. That petition is denied but this modified and enlarged opinion is substituted for the June 6, 1963 opinion which is withdrawn.

We perceive no error in the District Court's denial of appellant's motion for § 2255 relief in so far as such relief was sought on the basis of alleged knowing use of perjured testimony by the prosecution. The broad assertion of appellant's motion that perjured testimony was knowingly used by the Government in obtaining appellant's conviction is not accompanied by the averment of the existence of any fact which supports a conclusion that perjury was committed as to any material evidence. Appellant points to conflicts in trial testimony relating to the circumstances under which, and at whose request, an informer-witness was released from an Indiana county jail, where he was in custody on a narcotics charge, and used to secure evidence against appellant. But the existence of such conflicts or inconsistencies does not of itself support a conclusion of perjury much less the knowing use of perjured testimony. In United States v. Schultz, 7 Cir., 286 F.2d 753, 755, we had occasion to observe in this connection:

"Except for his own unsupported assertions, there is nothing in the record to indicate that perjured or coerced testimony was received at appellant's trial. Appropriate here is the comment of this Court in United States v. Spadafora, 7 Cir., 200 F.2d 140, 143. 'In order to obtain a hearing under Sec. 2255, a petitioner must make a more substantial showing than merely charging perjury and making the unsupported claim that perjured testimony was know-

ingly used by the prosecuting authorities. Nor does he meet the burden upon him by pointing out trivial inconsistencies or conflicts in the evidence.' "

We turn to consideration of whether the District Court erred in rejecting § 2255 relief sought by appellant on the basis of the asserted insufficiency of the indictment. On this issue the District Court's denial of the appellant's motion was premised on the fact that a motion to dismiss the indictment, which motion included the ground now urged, was overruled prior to appellant's trial, and that by reason of the appeal to this Court (287 F.2d 633) the appellant is now precluded from raising the question in a § 2255 proceeding.

■■ But, as heretofore pointed out, that issue was neither raised nor considered in appellant's appeal of his convictions. It is true that appellant failed to avail himself of the opportunity he had to present this issue on appeal. We are of the opinion, however, that where an indictment fails to charge an offense under any reasonable construction, neglect to present that issue by or on appeal does not preclude its assertion by proper motion under 28 U.S.C.A. § 2255. In connection with whether the sufficiency of an indictment is subject to attack in a § 2255 proceeding this Court has stated the rule to be that an indictment is not open to collateral attack under § 2255 *unless* it fails to charge an offense under any reasonable construction. United States v. Koptik, 7 Cir., 300 F.2d 19, 22. In United States v. Shelton, 7 Cir., 249 F.2d 871, 874, it was stated:

"On a motion to vacate the sentence under Section 2255, the sufficiency of the indictment cannot be questioned, unless it is so defective on its face as not to charge an offense under any reasonable construction. United States v. Nickerson, 7 Cir., 211 F.2d 909; Walker v. United States, 7 Cir., 218 F.2d 80; Klein v. United States, 7 Cir., 204 F.2d 513."

Failure to prosecute an appeal from an indictment which so fails to charge an offense, or neglect to raise the issue of the validity of such an indictment on an appeal, does not in our opinion preclude relief under § 2255. There can be no waiver of the fundamental requirement that a conviction be based on an indictment or information which charges an offense.

■ But it is not every defect or imperfection in an indictment which will render it vulnerable to attack under § 2255. As pointed out in Shelton, supra, it must be "so defective on its face as not to charge an offense under any reasonable construction". Thus, the issue presented for our determination here is a narrow one. It is limited to the question of whether it is essential in order to validly charge the offense of an unlawful sale of a narcotic in violation of 26 U.S.C.A. § 4705(a) that the indictment name the purchaser.

In United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819, the defendant was charged in the second count of an indictment with causing and procuring someone else to use a still, boiler and other vessels for the purpose of distilling but the count did not state the name of that person. It was held that the count was insufficient to authorize a judgment of conviction thereon. It was stated (p. 362 of 96 U.S.):

"Where the offence is purely statutory, having no relation to the common law, it is, 'as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter.' 1 Bishop, Crim.Proc., sect. 611, and authorities there cited. But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may

prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence. An indictment not so framed is defective, although it may follow the language of the statute.

"Tested by these rules, the second count is insufficient. Since the defendant was not charged with using the still, boiler, and other vessels himself, but only with causing and procuring some one else to use them, the name of that person should have been given. It was neither impracticable nor unreasonably difficult to have done so. If the name of such person was unknown to the grand jurors, that fact should have been stated in the indictment."

In Larkin v. United States, 7 Cir., 107 F. 697, where the indictment set forth a scheme involving the use of the mails to defraud definite individuals with whom it was intended to open correspondence but did not name said individuals it was held insufficient to support the judgment of conviction. This Court held (p. 699 of 107 F.) that the individuals "should have been described by name in the indictment, or a good and true reason given for the omission". Cf. United States v. Unger, 7 Cir., 295 F.2d 889, in which Simmons and Larkin are distinguished as being without application to the type of offense charged in the indictment there considered.

■■ Simmons and Larkin involved direct attacks upon the sufficiency of indictments to support convictions which had been obtained. Here the attack is collateral. But the relevancy of the 6th Amendment requirement that the accused "be informed of the nature and cause of the accusation" as a measure of an indictment's sufficiency to support a conviction should not in our view depend upon whether the attack is direct or collateral. Failure to meet that test makes the indictment so defective as to bring a conviction thereon within the purview of § 2255. An indictment which will not support a conviction must for the purpose of § 2255 relief be equated with one so defective on its face as not to charge an offense under any reasonable construction.

The Government's reliance on United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92, is misplaced. In Debrow it was held (pp. 377–378 of 346 U.S., p. 115 of 74 S.Ct.) that "[t]he name of the person who administered the oath is not an essential element of the crime of perjury" and that the indictment there involved "clearly informed the defendants of that with which they were accused, so as to enable them to prepare their defense and to plead the judgment in bar of any further prosecutions for the same offense". Although the Supreme Court recognized that the Federal Rules of Criminal Procedure, including Rule 7(c), were designed to eliminate technicalities in criminal pleading it further recognized that the true test of the sufficiency of an indictment is whether it contains the elements of the offense intended to be charged, sufficiently apprises the accused of what he must be prepared to meet, and enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense.

· The identity of the purchaser of the narcotic is not an element of the offense of unlawful sale proscribed by 26 U.S.C.A. § 4705(a). But, because of the type of offense involved, the purchaser's name is a factor which in the absence of allegations properly excusing or overcoming its omission [1] is essential to meet the test recognized in Debrow, Simmons and Larkin as the standard by which the validity of an indictment and its sufficiency to support a conviction are to be measured.

26 U.S.C.A. § 4705 does not interdict, generally, the sale of narcotic drugs. In addition to setting forth specific exceptions to its provisions (§ 4705(b) and

---

1. Neither count of the indictment here under consideration contained such allegations.

(c)), the offense as proscribed in § 4705 (a) is explicitly limited to a sale, barter, exchange or gift not made "in pursuance of a written order of the person to whom such article is sold, * * * on a form to be issued in blank for that purpose by the Secretary [of the Treasury] or his delegate". Thus the identity of the "person to whom" such a sale is alleged is a factor "central to every prosecution under the statute" and of which the accused is entitled to be apprised by the indictment. Cf. Russell v. United States, 369 U.S. 749, 764–766, 82 S.Ct. 1038, 1047–1048, 8 L.Ed.2d 240, in which convictions under 2 U.S.C.A. § 192 were reversed for failure of the indictments to state the question under congressional committee inquiry although the questions refused to be answered were set forth and it was alleged that the questions "were pertinent to the question then under inquiry". Mr. Justice Stewart, speaking for the majority, and citing United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588, Simmons, and other cases, pointedly observed (p. 764 of 369 U.S., p. 1047 of 82 S.Ct.):

> "* * * Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute."

In its petition for rehearing the government points out that on May 16, 1960, the day the trial of the petitioner commenced, he was informed as to the identity of the purchaser, a fact denied him on his prior motion for a bill of particulars. But this belated furnishing of the information did not serve to validate the indictment. A similar contention advanced in Russell, supra, was disposed of (369 U.S. 770, 82 S.Ct. 1050) by reference to the fact that "it is a settled rule that a bill of particulars cannot save an invalid indictment".

Rivera v. United States, 9 Cir., 318 F.2d 606, cited by the government, is distinguishable. The conviction there involved was for selling marihuana in violation of 21 U.S.C.A. § 176a which prohibits, generally, the sale of marihuana with knowledge of its unlawful importation. In such an offense the identity of the purchaser does not bear the significance it does under § 4705(a).

It is the nature of the offense defined by § 4705(a) which brings it within the rationale of Russell, Simmons and Larkin and requires that the indictment name the purchaser or properly excuse or overcome such omission.

 It is our conclusion that the District Court erred in denying appellant's motion. The judgment order of the District Court is reversed, and as no factual issues requiring a hearing are involved, the cause is remanded to the District Court with directions to grant appellant's motion, vacate the judgment of conviction entered in Cause No. Ev–59–Cr–27 in the United States District Court for the Southern District of Indiana, Evansville Division, and discharge the appellant from further imprisonment or liability thereunder.

Reversed and remanded with directions.