**Dwight De Witt ROBISON, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 18902.

United States Court of Appeals
Ninth Circuit.

March 12, 1964.

As Amended on Denial of Rehearing
April 29, 1964.

Dwight De Witt Robison, in pro. per.

Cecil F. Poole, U. S. Atty., and Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MADDEN, Judge, Court of Claims, and BROWNING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

On July 7, 1961 Robison pleaded guilty to the first count of a three-count in-

dictment charging him with the unlawful sale of heroin. That count reads as follows:

"That on or about the 8th day of March, 1961, DWIGHT DEWITT ROBISON, hereinafter called 'said defendant,' did, in the City of Sacramento, County of Sacramento, in the Northern Division of the Northern District of California, and within the jurisdiction of this Court, sell or facilitate the sale of approximately 950 milligrams of Heroin, the said Heroin having been brought in or imported into the United States of America contrary to law, as said Defendant then and there well knew."

In July of 1963 he presented to the District Court a motion to vacate and set aside his sentence under 28 U.S.C. § 2255. This motion was denied on July 30 and Robison appeals. He has presented to this court a motion for appointment of counsel, on the ground that he is without funds to employ an attorney. He has also presented a brief and a reply brief prepared by himself. He is not proceeding with the appeal in forma pauperis, the court below having denied leave to appeal in forma pauperis and he having been able to pay the necessary filing fees. Robison's attack is entirely upon the sufficiency of the indictment. Upon examining his briefs we find that they are at least as good as many of the briefs that are presented to us by counsel, and are better than some. They fully and adequately cover the points that he made on his motion, and we think that under the circumstances there is no necessity for appointing an attorney to file additional briefs on his behalf. Accordingly, his motion for appointment of counsel is denied.

Robison makes five points as follows:

"1. That the indictment under which he was charged does not set forth in sufficient detail and particularity the nature and details of the offense charged.

"2. That the indictment is duplicitous in that it charges that appellant did 'sell or facilitate the sale of approximately 950 milligrams of heroin.'

"3. That the indictment was defective because it does not in any way show how and by what means appellant knew the heroin involved was illegally imported.

"4. That the indictment is fatally defective in that by failing to describe with particularity the details of the alleged crime, it does not enable appellant to plead former jeopardy against a future charge.

"5. That the indictment does not show the alleged offense to be in violation of any statute of the United States; therefore it does not charge a federal crime."

Points 1 and 4 can be considered together; they both are based upon a claim that the indictment does not sufficiently set forth the details of the offense charged. Robison lists the following defects: That the indictment does not state the person to whom the heroin was allegedly sold or for whom or with whom the facilitating of the sale was done; that the description of the locale as the City of Sacramento is insufficient; and that a more specific time than "on or about the 8th day of March, 1961" is required. His principal reliance is upon the decision of the Court of Appeals for the 7th Circuit in Lauer v. United States, 7 Cir., 1963, 320 F.2d 187. We held in Rivera v. United States, 9 Cir., 1963, 318 F.2d 606 that the name of the purchaser is not an essential element of the offense in a case charging the violation of 21 U.S.C. § 176a. We think that the same principle is applicable in this case where the charge is a violation of section 174. Lauer was decided under a different stat-

ute, 26 U.S.C. § 4705. That statute, unlike the statute under which Robison was convicted, does not proscribe the sale of narcotics generally, but only the sale to a buyer who fails to produce a written order on a form provided by the Treasury Department. Thus, the court in Lauer could properly say that "the identity of the 'person to whom' such a sale is alleged is a factor 'central to every prosecution under the statute' and of which the accused is entitled to be apprised by the indictment." (320 F.2d at 191) Lauer expressly distinguishes Rivera on this ground.

It is settled in this and other circuits that a plea of guilty to an indictment is an admission of all non-jurisdictional facts alleged in the charge, and that the judgment and sentence may not be collaterally attacked under 28 U.S.C. § 2255 for technical or non-jurisdictional defects. See Fiano v. United States, 9 Cir., 1961, 291 F.2d 113. We think that Robison's point 2, that the indictment is duplicitous because it states that he did "sell *or* facilitate the sale" of heroin, if a defect at all, is non-jurisdictional. The same is true of his 5th point, that the indictment does not show the alleged offense to be in violation of any statute of the United States. It is true that the body of the indictment does not refer to the statute, but it is in the language of the statute, and this is enough. Furthermore, the indictment is entitled "Indictment, 21 U.S.C. 174—Sale of Heroin." Each of the three counts charges a separate sale, under that statute.

This leaves only point 3, that the indictment is defective because it does not show how and by what means appellant knew the heroin involved was illegally imported. The difficulty with this contention is that the indictment does directly allege Robison's knowledge. His plea of guilty admitted this knowledge. See Berg v. United States, 9 Cir., 1949,

176 F.2d 122; Forthoffer v. Swope, 9 Cir., 1939, 103 F.2d 707. Under these circumstances, Robison is in no position to attack the "presumption" embodied in the second paragraph of 21 U.S.C. § 174. This is a matter of proof. Robison having admitted knowledge by his plea, the presumption played no part in his conviction.

Affirmed.