**UNITED STATES of America,
Plaintiff,**

v.

**Clarence EWELL, Defendant.**

**No. IP 64–Cr–33.**

United States District Court
S. D. Indiana,
Indianapolis Division.

July 13, 1964.

David W. Mernitz, Asst. U. S. Atty.,
for the Government.

David B. Lockton, of Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendant.

HOLDER, District Judge.

This case is before the Court for ruling on defendant's amended motion filed July 7, 1964 to dismiss the indictment in three counts returned in this Court on March 26, 1964. The grounds of the motion are quoted as follows:

"1. The defendant has been in jeopardy of conviction of the offense charged therein in the case of United States of America v. Clarence Ewell in the District Court for the Southern District of Indiana, Indianapolis Division, Cause Number IP 62–CR–192 terminated December 18, 1962.

2. The defendant has been denied his right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States."

The history of the legal proceedings to which the defendant has been subjected for the alleged involvement with narcotics on or about October 31, 1962 in Indianapolis, Indiana, is necessary to reach a conclusion on the two grounds of the motion. The Court takes judicial notice of the following from its records in the case entitled, United States of America v. Clarence Ewell, IP 62–Cr–192; Clarence Ewell v. T. Wade Markley, Warden, United States Penitentiary, Terre Haute, Indiana, TH 63–C–104; United States of America v. Clarence Ewell, IP 64–Cr–33; and United States of America v. Lauer, EV 59–Cr–27, (7th Cir. 1961) 287 F.2d 633; Lauer v. United States, (7th Cir. 1963), 320 F.2d 187:

*December 10, 1962*

The complaint of United States of America v. Clarence Ewell was filed charging narcotics violation on or about October 31, 1962 of Title 26 U.S.C. § 4705(a).

*December 12, 1962*

Mr. Ewell was arrested on a warrant based on such complaint of December

10, 1962 and taken before the United States Commissioner the same date and after appropriate proceedings Mr. Ewell was remanded to jail because of his not posting bond in an amount duly fixed by the Commissioner.

### December 14 1962

One count of the indictment was returned in the United States District Court, Southern District of Indiana, Indianapolis Division, entitled United States of America v. Clarence Ewell, IP 62–Cr–192, which is quoted as follows:

### "INDICTMENT

The Grand Jury charges:

That on or about October 31, 1962, at Indianapolis, in the Indianapolis Division of the Southern District of Indiana, Clarence Ewell, the defendant herein, did knowingly, wilfully and unlawfully sell a narcotic drug as defined in Title 26 United States Code, Section 4731 (a), to-wit: 400 milligrams, more or less, heroin hydrochloride, not in pursuance of a written order of the person to whom said narcotic drug was sold on a form issued in blank for that purpose by The Secretary of the Treasury or his delegate, in violation of Title 26 United States Code, Section 4705(a)."

A bond of $10,000.00 was set by the Court. A praecipe for a warrant for the arrest of Mr. Ewell to answer the charge in this indictment was presented to the Clerk of this Court.

### December 17, 1962

The Clerk issued a warrant to the United States Marshal who duly served such warrant on Mr. Ewell and placed him in custody.

### December 18, 1962

The following proceedings were had in open Court:

"Comes now the attorney for the government, and the defendant appears in person and without counsel. The Court advises the defendant that he has the right to have an attorney and if financially unable to hire one, the Court will appoint counsel to represent him without charge, and the defendant indicating that he wants an attorney, the Court appoints David B. Lockton, a member of the bar of this Court, to represent him.

The Court explains to the defendant the nature of the charge and the rights afforded him under the Constitution and after being fully advised, the defendant having received a copy of the Indictment and having waived the reading of same, now states that he thoroughly understands the nature of the charge against him, and being arraigned upon the Indictment, for plea, says that he is guilty as charged. No presentence investigation ordered."

After the defendant entered such plea of guilty to the indictment of December 14, 1962, the government then filed in open Court in the presence of defendant and his counsel the following charge:

### "MEMORANDUM OF PRIOR NARCOTICS CONVICTION

Comes now the United States of America by Richard P. Stein, United States Attorney for the Southern District of Indiana, and David W. Mernitz, Assistant United States Attorney, and pursuant to 26 U.S.C. 7237(c) (2) respectfully shows to the Court that Clarence Ewell, the defendant herein, was convicted on April 5, 1956 on his plea of guilty to the offense of purchase and sale of a narcotic drug not in the original stamped package and not having the tax-paid stamp affixed thereto in violation of Title 26, United States Code, Section 4704(a), which offense is counted as a prior offense under 26 U.S.C., Section 7237(c) (1) for purposes of sentencing under 26 U.S.C. 7237(b)."

Whereupon, the Court rendered judgment which is quoted as follows:

"On this 18th day of December, 1962 came the attorney for the government and the defendant appeared

in person and by David B. Lockton, his court appointed attorney.

IT IS ADJUDGED that the defendant has been convicted upon his plea of Guilty of the offense of unlawfully selling a narcotic drug, to-wit: 400 milligrams, more or less, heroin hydrochloride, without a written order on a form issued for that purpose by the Secretary of the Treasury, on or about October 31, 1962, at Indianapolis, Indiana, in violation of Title 26 U.S.C., Section 4705(a), as charged in the Indictment, and upon his plea of guilty to the Memorandum of Prior Narcotics Conviction filed by the government this date, in that the defendant was convicted on April 5, 1956, on his plea of guilty to the offense of selling a narcotic drug in violation of Title 26 U.S.C., Section 4704(a), which offense is counted as a prior offense under 26 U.S.C., Section 7237(c) (1) for purpose of sentencing under 26 U.S.C. 7237(b). And the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

IT IS ADJUDGED that the defendant is guilty as charged and convicted.

IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Ten (10) years.

IT IS ORDERED that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant.

Cale J. Holder

United States District Judge."

*July 17, 1963*

Seventh Circuit Court of Appeals published its opinion in the case of Lauer v. United States of America, 320 F.2d 187 in which it held that an indictment charging an offense under Title 26 U.S.C. § 4705(a) does not state an offense unless it named the buyer of narcotics from the defendant-seller.

*September 6, 1963*

Defendant requested a copy of the indictment of December 14, 1962.

*September 27, 1963*

A copy of the indictment of December 14, 1962 was mailed by the Clerk to Mr. Ewell in the United States Penitentiary, Terre Haute, Indiana.

*November 6, 1963*

The case of Clarence Ewell v. T. Wade Markley, Warden, United States Penitentiary, Terre Haute, Indiana, TH 63–C–104, was filed.

*January 13, 1964*

Judgment in accordance with the following quoted findings of fact and conclusions of law was entered in TH 63–C–104:

## "FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came on for trial on the issues of the petitioner's 'Motion To Vacate And Set Aside Judgment And Sentence' filed November 6, 1963; and the respondent's brief in opposition filed December 30, 1963 and supplemental brief filed December 31, 1963.

### FINDINGS OF FACT

1. The petitioner is now and was at the time of instituting this action an inmate of the United States Penitentiary at Terre Haute, Indiana, and in the custody of the respondent.

2. The petitioner is in such custody by reason of a sentence of this Court on December 18, 1962 for the term of ten years in Cause Number IP 62–Cr–192 for the violation of Title 26 U.S.C. Section 4705(a) and a second offender pursuant to Title 26 U.S.C. Section 7237(c) (2).

3. Such sentence was rendered on an indictment charging petitioner

with a violation of Title 26 U.S.C. Section 4705(a) after a plea of guilty. The indictment failed to set forth the name of the person to whom the alleged unlawful sale of narcotics was made and did not contain any allegations which would properly excuse or overcome such omission.

## CONCLUSIONS OF LAW

1. The indictment failed to charge an offense of any kind. Lauer v. United States, (7th Cir. 1963), 320 F.2d 187.

2. The sentence of this Court on the plea of guilty to such indictment is a nullity.

3. The Court was without jurisdiction to enter such judgment and sentence.

4. The petitioner's Motion is sustained and this Court's judgment and sentence of December 18, 1962 in United States of America v. Clarence Ewell, Cause Number IP 62–Cr–192 is vacated and set aside on authority of Lauer v. United States, (7th Cir. 1963), 320 F.2d 187. The respondent is directed to release Clarence Ewell from custody previously authorized by such judgment of December 18, 1962 in such cause.

The Clerk will enter judgment in accordance with these findings and conclusions.

Dated this 13 day of January, 1964.

Cale J. Holder, Judge, United States District Court Southern District of Indiana"

*January 13, 1964*

The complaint of United States of America v. Clarence Ewell, Commissioner's Docket No. 2, Case No. 101, filed in the Indianapolis Division, United States District Court, Southern District of Indiana, charging narcotics violations on or about October 31, 1962 of Title 26 U.S.C. §§ 4704(a) and 4705(a).

*January 16, 1964*

Mr. Ewell upon release from the United States Penitentiary was taken before the United States Commissioner in the Terre Haute Division of this Court, and after appropriate proceedings Mr. Ewell was temporarily remanded to jail because of his not posting bond in an amount duly fixed by the Commissioner.

*January 27, 1964*

Mr. Ewell was taken before the United States Commissioner in the Indianapolis Division of this Court, and after appropriate proceedings Mr. Ewell was finally remanded to jail because of his not posting bond in an amount duly fixed by the Commissioner.

*March 26, 1964*

A three count indictment was returned in the United States District Court, Southern District of Indiana, Indianapolis Division, entitled, United States of America v. Clarence Ewell, IP 64–Cr–33, which is quoted as follows:

*"INDICTMENT*
Count I–26 U.S.C. 4705(a)
The Grand Jury charges:

That on or about October 31, 1962, at Indianapolis, State of Indiana, in the Indianapolis Division of the Southern District of Indiana, and within the jurisdiction of this Court, the defendant, Clarence Ewell, did unlawfully, wilfully, and knowingly sell 400 milligrams, more or less, of heroin hydrochloride, a narcotic drug, to Cornelius C. Cooper, not in pursuance of a written order from the said Cornelius C. Cooper on a form issued by the Secretary of the Treasury of the United States or his authorized delegate; in violation of Title 26, United States Code, Section 4705(a), as amended by the Narcotic Control Act of 1956.

Count II–26 U.S.C. 4704(a)
The Grand Jury further charges:

That on or about October 31, 1962, at Indianapolis, State of Indiana, in the Indianapolis Division of the

Southern District of Indiana, and within the jurisdiction of this Court, the defendant, Clarence Ewell, did unlawfully sell to Cornelius C. Cooper, 400 milligrams, more or less, of heroin hydrochloride, a narcotic drug, not in the original stamped package nor from the original stamped package; in violation of Title 26, United States Code, Section 4704(a), as amended by the Narcotic Control Act of 1956.

### Count III–21 U.S.C. 174

The Grand Jury further charges:

That on or about October 31, 1962, at Indianapolis, State of Indiana, in the Indianapolis Division of the Southern District of Indiana, and within the jurisdiction of this Court, the defendant, Clarence Ewell, did receive, conceal, facilitate the transportation and concealment of, and sell to Cornelius C. Cooper, 400 milligrams, more or less, of heroin hydrochloride, a narcotic drug, which had been previously imported into the United States contrary to law, knowing the same to have been so unlawfully imported; in violation of Title 21, United States Code, Section 174, as amended by the Narcotic Control Act of 1956."

A bond was fixed by the Court in the sum of $10,000.00.

*March 27, 1964*

A praecipe for a warrant for the arrest of Mr. Ewell to answer the charge in this indictment was presented to the Clerk of this Court.

*March 30, 1964*

The Clerk issued a warrant to the United States Marshal who duly served such on Mr. Ewell and placed him in custody.

*April 23, 1964*

The following proceedings, as quoted from the entry of this date, were had in open Court:

"Comes now the attorney for the government and the defendant appeared in person and without coun-sel. The Court advises the defendant that he has the right to have an attorney and if financially unable to hire one, the Court will appoint counsel to represent him without charge, and the defendant indicating that he wants an attorney, the Court appoints David B. Lockton, a member of the bar of this Court, to represent him.

After having conferred with counsel, the Court explains to the defendant the nature of the charge and the rights afforded him under the Constitution and after being fully advised, the defendant having heretofore received a copy of the indictment and the same having been read to him in open court by the attorney for the government, now states that he thoroughly understands the nature of the charge and being arraigned upon the indictment, for plea, says that he is not guilty as charged in all three counts.

The defendant's oral motion for time to file any pleadings addressed to the indictment is granted to and including May 18, 1964; the government to file its answer brief fifteen days thereafter, and the defendant to file his reply brief ten days thereafter."

*May 14, 1964*

Defendant's counsel filed a motion for extension of time of ten days from May 18, 1964 within which to file motions addressed to the indictment. The request was consented to by the United States District Attorney.

*May 18, 1964*

The Court granted the request of the defendant of May 14, 1964 for a ten day extension of time.

*May 28, 1964*

Defendant filed a motion to dismiss the indictment of March 26, 1964. Defendant also filed a brief in support thereof.

*June 9, 1964*

The United States District Attorney requested an extension of time to June

27, 1964 to file an answer brief to the brief of defendant filed May 28, 1964.

### June 12, 1964

The Court granted the request of the government of June 9, 1964, and time to file the answer brief was extended to June 27, 1964.

### June 24, 1964

The United States of America filed its answer brief.

### July 6, 1964

The defendant filed his reply brief.

### July 7, 1964

The defendant filed an amended motion to dismiss the indictment of March 26, 1964. Defendant filed a brief in support thereof.

Mr. Ewell has been in continuous confinement from the date of his first arrest on December 12, 1962 to the date of this entry and will remain in such confinement until the trial thereof in September 1964 depending upon the action taken on this motion and appeals therefrom. This is a total of one year and approaching seven months. During the period of Mr. Ewell's confinement from December 18, 1962 to January 13, 1964, there was no opportunity for bail as the procedural laws of the United States made no provision therefor even though he was during this time illegally held on a judgment based on an indictment which did not charge a crime. During the period from December 10, 1962 to December 18, 1962, he was confined because of being unable to post the required bail of $10,000.00 to answer to a complaint and indictment which did not charge a crime.

Prior to the July 17, 1963 decision of Lauer v. United States of America, 7 Cir., 320 F.2d 187, the defendant and the United States Attorney believed that an indictment in the language of the statute defining the offense was the substantive and procedural law of the land. The government intentionally avoided using the prosecuting witnesses' names in all narcotic indictments. After July 17, 1963 and the Lauer decision, Mr. Ewell was faced with a confusing state of jurisprudence as were a number of defendants serving lengthy terms under similar indictments. Mr. Ewell could serve out his term of years based on a void judgment, or challenge the judgment immediately, or challenge the judgment after the statute of limitations had expired, or challenge the judgment after serving out his full term of the void judgment. In view of Title 18 U.S.C.A. §§ 3288 and 3289, there was no choice to Mr. Ewell but to challenge the judgment immediately.

The government had full knowledge of the effect of the July 17, 1963 Lauer decision on the judgment and took no action whatever in expunging or vacating such Ewell judgment, nor in submitting the matter to the August and December 1963 terms of the Grand Jury and waited until defendant successfully took action to vacate the judgment.

The government then, for some reason unknown of record other than the expressed concern of the prospective liberation of a number of similarly convicted narcotic felons, caused the Grand Jury in March 1964 to reindict Mr. Ewell for three narcotic offenses allegedly occurring on the same date growing out of the same transaction whereas the first indictment was for one narcotic offense allegedly occurring on the same date and apparently the same transaction referred to in the three offenses in the three count indictment.

This is not a case for charges of neglect against the government, or the defendant, Mr. Ewell. It is litigation resulting from inconsistencies in the developing law that cries out for relief to the defendant, Mr. Ewell. Mr. Ewell was not a belligerent offender. He pleaded guilty within four days of the indictment to get his jail term over. Mr. Ewell has served bailable and unbailable time in County Jails and Federal Penitentiaries since December 12, 1962, none of which time served can or will be credited to the lengthy mandatory sentence if defendant is convicted. Title 26 U.S.C.A. § 7237(b). (c), (d) and Title 18 U.S.C.A. § 3568 If he is acquitted, he will already

have served penitentiary time when there was no legal commitment.

The rights of Mr. Ewell under the Sixth Amendment of the United States Constitution quoted in part as follows has been violated by the combined events recited herein:

> "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *, and to be informed of the nature and cause of the accusation; * * *."

The Court now grants the amended motion to dismiss the indictment as based on ground two and denies the motion as based on ground one. The indictment consisting of three counts returned March 26, 1964 is dismissed and the United States Marshal is ordered to release the defendant forthwith.