**UNITED STATES of America,**
**Plaintiff,**

v.

**Ronald K. DENNIS, Defendant.**

**No. IP 64–Cr–84.**

United States District Court
S. D. Indiana,
Indianapolis Division.

July 30, 1964.

David W. Mernitz, Asst. U. S. Atty., for the Government.

Donald R. Metz of Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendant.

HOLDER, District Judge.

This case is before the Court for ruling on defendant's motion filed July 16, 1964 to dismiss the indictment in three counts returned in this Court on June 15, 1964. The grounds of the motion are quoted as follows:

> "1. The defendant has been denied his right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States.

> "2. The defendant has previously been placed in jeopardy for the offenses charged in the indictment herein in the case of United States of America v. Ronald K. Dennis, IP 62–Cr–191 District Court for the Southern District of Indiana, Indianapolis Division."

The history of the legal proceedings to which the defendant has been subjected for the alleged involvement with narcotics on or about September 24, 1962 in

Indianapolis, Indiana, is necessary to reach a conclusion on the two grounds of the motion. The Court takes judicial notice of the following from its records in the cases entitled, United States of America v. Ronald K. Dennis, IP 62–Cr–191; Ronald K. Dennis v. United States of America, TH 64–C–6; United States of America v. Ronald K. Dennis, IP 64–Cr–33; and United States of America v. Lauer, EV 59–Cr–27, (7th Cir. 1961) 287 F.2d 633; Lauer v. United States, (7th Cir. 1963), 320 F.2d 187:

### December 10, 1962

The complaint of the United States of America v. Ronald K. Dennis was filed charging a narcotics violation on or about September 24, 1962, of Title 26, U.S.C. § 4705(a).

### December 12, 1962

The defendant was arrested on a warrant based on such complaint of December 10, 1962, and taken before the United States Commissioner on the same date and after appropriate proceedings was remanded to jail because of his not posting bond in an amount duly fixed by the Commissioner.

### December 14, 1962

One count of the indictment was returned in the United States District Court, Southern District of Indiana, Indianapolis Division, entitled "United States of America v. Ronald K. Dennis, IP 62–Cr–191," which is quoted as follows:

### "INDICTMENT

"The Grand Jury charges:

"That on or about September 24, 1962, at Indianapolis, in the Indianapolis Division of the Southern District of Indiana, Ronald K. Dennis, the defendant herein, did knowingly, wilfully and unlawfully sell a narcotic drug as defined in Title 26, United States Code, Section 4731 (a), to-wit: 450 milligrams, more or less, heroin hydrochloride, not in pursuance of a written order of the person to whom said narcotic drug was sold on a form issued in blank for that purpose by The Secretary of the Treasury or his delegate, in violation of Title 26 of United States Code, Section 4705(a)."

A bond of $10,000 was set by the Court. Praecipe for a warrant for the arrest of the defendant to answer the charge in this indictment was presented to the Clerk of this Court.

### December 19, 1962

The Clerk issued a warrant to the United States Marshal who duly charged such warrant on the defendant and placed him in custody.

### December 19, 1962

The following proceedings were had in open Court:

"Comes now the attorney for the Government, and the defendant appears in person and without counsel. The Court advises the defendant that he has the right to have an attorney and if financially unable to hire one, the Court will appoint counsel to represent him without charge, and the defendant indicating that he does not want an attorney, the defendant executes and files a written waiver of counsel.

"The Court explains to the defendant the nature of the charge and the rights awarded him under the Constitution and after being fully advised, the defendant having received a copy of the indictment and the same having been read to him in open court by the attorney for the Government, now states that he thoroughly understands the nature of the charge against him, and being arraigned upon the indictment, for plea, says that he is guilty as charged. No pre-sentence investigation is directed by the Court."

WHEREUPON, the Court rendered judgment which is quoted as follows:

"On this 19th day of December, 1962, came the attorney for the Government and the defendant appeared in person and without counsel, hav-

ing on this date waived counsel. No pre-sentence investigation having been directed by the Court,

"IT IS ADJUDGED that the defendant has been convicted upon his plea of Guilty of the offense of, on or about September 24, 1962, knowingly, wilfully and unlawfully selling a narcotic drug, not in pursuance of a written order of the person to whom said narcotic drug was sold on a form issued in blank for that purpose by the Secretary of State, in violation of Title 26 U.S.C. Section 4705(a), as charged in the Indictment, and the Court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

"IT IS ADJUDGED that the defendant is guilty as charged and convicted.

"IT IS ADJUDGED THAT THE DEFENDANT IS HEREBY committed to the custody of the Attorney General or his authorized representative, for imprisonment for a period of Twenty (20) years, and for a study as described in 18 U.S.C. 4208 (c), the results of such study to be furnished this Court within three (3) months, whereupon the sentence of imprisonment shall be subject to modification in accordance with 18 U.S.C. 4208(b).

"IT IS ORDERED that the Clerk deliver a certified copy of this Judgment and Commitment to the United States Marshal, or other qualified officer, and that the copy of the Judgment serve as the commitment of the defendant.

"/s/ William E. Steckler
United States District Judge"

*April 2, 1963*

The Court entered the following order modifying judgment:

"On this 2nd day of April, 1963, came the attorney for the Government and the defendant appeared in person and without counsel, having heretofore waived counsel. The Court now vacates defendant's waiver of counsel, and appoints George Rich, a member of the bar of this Court, to represent him.

"The defendant having been convicted upon his plea of guilty of the offense of, on or about September 24, 1962, knowingly, wilfully and unlawfully selling a narcotic drug, not in pursuance of a written order of the person to whom said narcotic drug was sold on a form issued in blank for that purpose by the Secretary of State, in violation of Title 26 U.S.C. Section 4705(a), as charged in the Indictment, and the defendant having on December 19, 1962, been committed to the custody of the Attorney General pursuant to Title 18 U.S.C. 4208(b) for imprisonment for a period of twenty (20) years and for a study as described in 18 U.S.C. 4208 (c), and the Court having now received and considered the report of such study, and following the recommendations of the Bureau of Prisons,

"IT IS ORDERED AND ADJUDGED that the period of imprisonment be reduced to Five (5) years.

"IT IS ORDERED that the Clerk deliver two certified copies of this Order Modifying Judgment to the United States Marshal or other qualified officer.

/s/ William E. Steckler
United States District Judge"

*July 17, 1963*

The Seventh Circuit Court of Appeals published its opinion in the case of Lauer v. United States of America, 320 F.2d 187, in which it held that an indictment charging an offense of Title 26 U.S.C. § 4705(a) does not state an offense unless it names the buyer of the narcotics from the defendant-seller.

*October, 1963*

Defendant requested the Court to appoint counsel to represent him.

*November 6, 1963*

The Court denied defendant's request for the appointment of counsel.

*November 12, 1963*

The defendant again requested the Court to appoint counsel to represent him indicating that he believed that the Lauer case entitled him to have his judgment and sentence vacated and set aside.

*November 22, 1963*

The Court again refused to appoint counsel to represent the defendant.

*January 28, 1964*

The case of Ronald K. Dennis v. United States of America, TH 64–C–6, seeks to have the judgment and conviction vacated and set aside pursuant to Title 28, U.S.C. § 2255 was filed.

*January 29, 1964*

The Court entered its order appointing Donald R. Metz to represent the defendant.

*April 13, 1964*

The Court entered the following Findings of Fact, Conclusions of Law and Judgment:

"This cause came on for hearing before the Court upon the petitioner's Motion for Relief under Section 2255, Title 28 U.S.C.A. filed January 28, 1964; the petitioner's Supplemental Motion and Brief filed April 8, 1964; and the respondent's Brief in Opposition filed April 9, 1964. Based upon the motion and briefs submitted, the petitioner's contention is that the indictment upon which he was sentenced and convicted was so defective on its face as to be insufficient to authorize the Judgment of Conviction, since the indictment and record failed to disclose the name of the purchaser to whom he was alleged to have sold the narcotics and he would, therefore, be unable to plead the Judgment as a bar in any subsequent prosecution for the same offense. In response to such assertion, the respondent claims that there is nothing in the record to indicate that the petitioner was prejudiced in any way by virtue of the indictment and record omitting the name of the purchaser and the indictment was sufficient under the general principles of law by which it must be tested.

"The parties having stipulated and agreed that the record in Cause No. IP–62–Cr–191 be admitted and read into evidence, and the Court having read and examined the briefs of both parties and having heard the arguments of counsel, and being duly advised in the premises, does submit its:

### FINDINGS OF FACT

"1. The petitioner is now and was at the time of instituting this action an inmate of the United States Penitentiary at Terre Haute, Indiana, and in the custody of the respondent.

"2. The petitioner is in such custody by reason of a Judgment and Commitment Order entered by this Court on December 19, 1962, and modified on April 2, 1963, in Cause No. IP 62–Cr–191, wherein the petitioner received five years for violating Title 26, U.S.C., Section 4705 (a).

"3. Such Judgment and Commitment Order was rendered on an Indictment charging petitioner with a violation of Title 26, U.S.C., Section 4705(a) after a plea of guilty. The Indictment failed to set forth the name of the person to whom the alleged unlawful sale of narcotics was made and did not contain any allegations which would properly excuse or overcome such omission.

"4. The record does not disclose the name of the purchaser to whom the alleged unlawful sale of narcotics was made.

"5. The case of Clay v. United States, 326 F.2d 196 (10th Cir. 1963), relied upon by the respondent, is distinguishable from the case at

bar for the reason that in Clay the name of the purchaser was identified in the record.

"Having fully considered the evidence and arguments of counsel, and based upon the foregoing findings of fact, the Court files the following:

## CONCLUSIONS OF LAW

"1. By reason of the omission of the name of the alleged purchaser and the lack of any allegation properly executed for overcoming such omission and, on the authority of Lauer v. United States, 320 F.2d 187 (7th Cir. 1963), the Indictment upon which the petitioner entered a plea of guilty was so defective on its face that it failed to charge an offense of any kind, and the Court was without jurisdiction to enter such judgment and sentence.

"2. In view of the Indictment and the record failing to disclose the name of the purchaser to whom the petitioner was alleged to have sold the narcotics, the petitioner is unable to plead the judgment as a bar in any subsequent prosecution for the same offense.

"3. Petitioner's Motion for Relief under Title 28, U.S.C. Section 2255, should be granted. The Judgment and Commitment Order entered on December 19, 1962, as modified on April 2, 1963, in United States of America v. Ronald K. Dennis, Cause No. IP 62–Cr–191, should be vacated and set aside.

## JUDGMENT

"IT IS ORDERED, ADJUDGED AND DECREED, that the Judgment and Commitment heretofore entered in United States of America v. Ronald K. Dennis, Cause No. IP 62–Cr–191, should be and hereby is vacated and set aside. It is further ordered that petitioner, Ronald K. Dennis, by and hereby is immediately released and discharged from further imprisonment or liability under said judgment and commitment.

"Dated: April 13, 1964.

"/s/ William E. Steckler

Judge, United States District Court"

April 10, 1964.

*April 10, 1964*

The complaint of United States of America v. Ronald K. Dennis, Commissioner's Docket No. 3, Case No. 358, was filed in the Indianapolis Division, United States District Court, Southern District of Indiana, charging narcotics violation on or about September 24, 1962, under Title 26, U.S.C. §§ 4704(a) and 4705(a).

*April 13, 1964*

The defendant was arrested on a warrant based upon such complaint of April 10, 1964.

*April, 1964*

The defendant was taken before the United States Commissioner in the Indianapolis Division of this Court and after appropriate proceedings in which Mr. Donald R. Metz was appointed as counsel to represent Mr. Dennis, the defendant was remanded to jail because of his not posting bond in the amount duly fixed by the Commissioner.

*June 15, 1964*

A three count indictment was returned in the United States District Court, Southern District of Indiana, charging narcotics violation on or about September 24, 1962, of Title 26, U.S.C. §§ 4704 (a), and 4705(a), entitled "United States of America v. Ronald K. Dennis, IP 64–Cr–84, which is quoted as follows:

## "INDICTMENT

"Count I—26 U.S.C. 4705(a)

"The Grand Jury charges:

"That on or about September 24, 1962, at Indianapolis, State of Indiana, in the Indianapolis Division of the Southern District of Indiana, and within the jurisdiction of this Court, the defendant, Ronald K. Dennis, did unlawfully, wilfully and

knowingly sell 450 milligrams, more or less, of heroin hydrochloride, a narcotic drug, to Cornelius C. Cooper, not in pursuance of a written order from the said Cornelius C. Cooper on a form issued by the Secretary of the Treasury of the United States or his authorized delegate, in violation of Title 26, United States Code, Section 4705(a), as amended by the Narcotics Control Act of 1956.

### "Count II—26 U.S.C. 4704(a)

"The Grand Jury further charges:

"That on or about September 24, 1962, at Indianapolis, State of Indiana, in the Indianapolis Division of the Southern District of Indiana, and within the jurisdiction of this Court, the defendant, Ronald K. Dennis, did unlawfully sell to Cornelius C. Cooper, 450 milligrams, more or less, of heroin hydrochloride, a narcotic drug, not in the original stamped package nor from the original stamped package; in violation of Title 26, United States Code, Section 4704(a), as amended by the Narcotics Control Act of 1956.

### "Count III—21 U.S.C. 174

"That on or about September 24, 1962, at Indianapolis, State of Indiana, in the Indianapolis Division of the Southern District of Indiana, and within the jurisdiction of this Court, the defendant, Ronald K. Dennis, did receive, conceal, facilitate, the transportation and concealment of, and sell to Cornelius C. Cooper, 450 milligrams, more or less, of heroin hydrochloride, a narcotic drug, which had been previously imported into the United States contrary to law, knowing the same had been unlawfully imported, in violation of Title 21, United States Code, Section 174, as amended by the Narcotics Control Act of 1956."

### *June 16, 1964*

A praecipe for a warrant for the arrest of the defendant to answer the charge in this indictment was presented to the Clerk of the Court.

### *June 16, 1964*

The Court issued a warrant to the United States Marshal who duly served such on the defendant and placed him in custody.

The defendant remains in custody awaiting arraignment on the indictment of June 15, 1964.

### *July 16, 1964*

Defendant filed a motion to dismiss the indictment of June 15, 1964. Defendant also filed a brief in support thereof.

### *July 23, 1964*

The United States of America filed its answer in opposition to defendant's motion to dismiss the indictment.

Mr. Dennis has been in continuous confinement from the date of his first arrest on December 12, 1962 to the date of this entry and will remain in such confinement until the trial thereof in September 1964 depending upon the action taken on this motion and appeals therefrom. This is a total of one year and approaching seven months. During the period of Mr. Dennis' confinement from December 19, 1962 to April 13, 1964, there was no opportunity for bail as the procedural laws of the United States made no provision therefor even though he was during this time illegally held on a judgment based on an indictment which did not charge a crime. During the period from December 10, 1962 to December 19, 1962, he was confined because of being unable to post the required bail of $10,000.00 to answer to a complaint and indictment which did not charge a crime.

Prior to the July 17, 1963 decision of Lauer v. United States of America, 320 F.2d 187, the defendant and the United States Attorney believed that an indictment in the language of the statute defining the offense was the substantive and procedural law of the land. The government intentionally avoided using the prosecuting witnesses' names in all narcotic indictments. After July 17, 1963 and the Lauer decision, Mr. Dennis was

faced with a confusing state of jurisprudence as were a number of defendants serving lengthy terms under similar indictments. Mr. Dennis could serve out his term of years based on a void judgment, or challenge the judgment immediately, or challenge the judgment after the statute of limitations had expired, or challenge the judgment after serving out his full term of the void judgment. In view of Title 18 U.S.C.A. §§ 3288 and 3289, there was no choice to Mr. Dennis but to challenge the judgment immediately.

The government had full knowledge of the effect of the July 17, 1963 Lauer decision on the judgment and took no action whatever in expunging or vacating such Dennis judgment, nor in submitting the matter to the August and December 1963 terms of the Grand Jury and waited until defendant successfully took action to vacate the judgment.

The government then, for some reason unknown of record other than the expressed concern of the prospective liberation of a number of similarly convicted narcotic felons, caused the Grand Jury in June 1964 to reindict Mr. Dennis for three narcotic offenses allegedly occurring on the same date growing out of the same transaction whereas the first indictment was for one narcotic offense allegedly occurring on the same date and apparently the same transaction referred to in the three offenses in the three count indictment.

This is not a case for charges of neglect against the government, or the defendant, Mr. Dennis. It is litigation resulting from inconsistencies in the developing law that cries out for relief to the defendant, Mr. Dennis. Mr. Dennis was not a belligerent offender. He pleaded guilty within five days of the indictment to get his jail term over. Mr. Dennis has served bailable and unbailable time in County Jails and Federal Penitentiaries since December 12, 1962, none of which time served can or will be credited to the lengthy mandatory sentence if defendant is convicted. Title 26 U.S.C.A. § 7237(b) (d) and Title 18 U.S.C.A. § 3568.

If he is acquitted, he will already have served penitentiary time when there was no legal commitment.

The rights of Mr. Dennis under the Sixth Amendment of the United States Constitution quoted in part as follows has been violated by the combined events recited herein.

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *, and to be informed of the nature and cause of the accusation; * *."

The Court now grants the motion to dismiss the indictment as based on ground one and denies the motion as based on ground two. The indictment consisting of three counts returned June 15, 1964 is dismissed and the United States Marshal is ordered to release the defendant forthwith.