THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL ÁNGEL MÉNDEZ CABO, Defendant and Appellant.

No. CR-64-317.     Decided March 11, 1965.

*Miguel Ángel Méndez Cabo, pro se. Charles H. Juliá* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Appellant, Miguel Ángel Méndez Cabo, was accused and convicted of three offenses, that is, of (a) having

in his possession and under his control the drug known as heroin, (b) selling it and (c) concealing and transporting it. He was sentenced in each count to an indeterminate sentence of 10 to 20 years in the penitentiary to be served concurrently.

On appeal he assigns nine errors which, in our opinion, lack merit, with the exception of the eighth and ninth, as we set forth hereinafter. Let us see.

1. "The trial court erred in failing to discharge the jury in this case in spite of the prejudiced and injurious statements made in open court and in the presence of the other jurymen by juror WALLI AZIZI, and whose statements were sustained by juror Idalia Zequeira."

In support of the conclusion that this error is frivolous, to which we agree, the Solicitor General states that:

"This first assignment of error is clearly frivolous. The objection of defendant-appellant refers to the view expressed by juror Walli Azizi during the impanelling of the jury who was to be in attendance in the case. During the examination of Azizi he stated that he did not believe in the defense of mental disability on account of his condition of drug addict. Juror Idalia Zequeira was of the same opinion. Both were challenged by the defense. (See partial transcript of the selection of jurors, p. 6.)

■ "First we notice that the contention is brought for the first time on appeal and as it does not adduce anything substantial against the judgment, it should be considered waived. *People* v. *Del Valle, ante,* p. 167.

"In the second place, the partial transcript itself of the selection of the jurors shows that shortly after Azizi made the statements, the judge proceeded to instruct the jurors on the question raised, Azizi himself having confessed that he was wrong in making the statements referred to. (See partial transcript, pp. 5–6.)

■ "Finally we state that the incident brought up by the defendant-appellant could not have prejudiced him in any way, because since he did not offer any defense evidence, the question raised by Azizi was not a matter for deliberation by the jury."

2. "The trial court erred in dismissing the motion for insufficiency of the informations."

■ The appellant argues that the informations had to set forth the place where the offense was committed and the name of the person to whom the heroin was sold. Although the informations are not models of precision, they are sufficient. Each one alleges that the offense was committed in San Juan, Puerto Rico (Rule 40 of the Rules of Criminal Procedure). It is not necessary to allege the name of the purchaser in cases of this nature. *Lauer* v. *United States*, 320 F.2d 187 (1963), in which it was stated that the information was defective for failing to name the person to whom the unlawful sale of narcotics was made is clearly distinguishable since it dealt with a special statute by virtue of which the offense was limited to the sale, barter, or gift not made in pursuance of a written order of the person to whom the drug is sold on a form issued by the Secretary of the Treasury of the United States, so that the identity of the person to whom the sale is made is a central factor and of which the accused is entitled to be apprised by the information. *Robison* v. *United States*, 329 F.2d 156 (1964). Therefore, the error assigned was not committed.

3. "The trial court erred in failing to permit the defense to make an interrogatory for the purpose of impeaching the credibility of witness José Luis Vizcarrondo Figueroa."

The objection to a question addressed to a special agent by the prosecuting attorney on cross-examination, in relation to the number of persons identified by the agents within a certain route, was sustained. In view of the fact that the witness answered that he was unable to remember exactly, the assignment lacks merit.

4. "The trial court erred in transmitting to the jury evidently vague and inaccurate instructions."

■ Appellant does not point out the alleged vagueness and inaccuracy of the instructions. He merely objected to

them without pointing any one in particular and he did not indicate then nor now any prejudice whatsoever suffered by him. Although we agree that the instructions are not as clear and precise as they should be, they do not justify the reversal of the judgments, for it has not been shown and we have not found that any impairment of the substantial rights of the appellant has been caused. *People* v. *Del Valle*, *supra*.

5. "The trial court erred in accepting the verdict brought by the jury even though it did not answer the question whether that was its verdict."

■ It is argued that neither the foreman of the jury nor its members answered the question made by the trier as to whether the verdicts returned by the members of the jury were the verdicts of the members of the jury. The record shows that when questioned by said judge the foreman of the jury had answered that they had unanimously reached a verdict for each count. Appellant's counsel did not challenge the legality of the verdict, limiting himself to requesting that appellant be discharged on bail until pronouncement of sentence. The assignment, therefore, lacks merit.

6. "Appellant assigns that the verdict was contrary to law for the reasons adduced in support of the assignments previously discussed."

For the reasons previously stated this assignment is baseless.

7. "The verdict of the jury in this case is contrary to the evidence."

■ We agree with the Solicitor General in that:

"In view of the evidence for the prosecution which was the only one introduced at the trial, namely, the testimony of agent José Luis Vizcarrondo, who established the unlawful transaction (Tr. Ev. 4–6), and the testimonies of César Delgado and chemist Ramón Chinea who established that the evidence ob-

tained from the defendant-appellant gave positive reaction of heroin (Tr. Ev. 20–21 and Tr. Ev. 26–27), we do not consider necessary further arguing on this assignment. Besides, assuming that the witnesses contradicted themselves, in essence, they fully established the offense charged."

8–9. "These two assignments challenge the sentences imposed as excessive, cruel and unusual."

■ The Solicitor argues that the sentences should be sustained on account of appellant's penal record consisting in convictions for burglary, grand larceny, and aggravated assault and battery in 1956, and for violation of a municipal ordinance in 1957. Nevertheless, we agree with appellant that the penalties imposed are excessive. Therefore, the sentences imposed should be reduced and are hereby reduced to 5 to 20 years, to be served concurrently.

The judgment rendered by the Superior Court, San Juan Part, on June 24, 1964, will be modified and as thus modified, it will be affirmed.