**Leo SHELTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20102.**

United States Court of Appeals
Ninth Circuit.

July 19, 1966.

sold some heroin but did not specify to whom it was sold. Again Shelton is concluded by a prior case of this court, Robison v. United States, 9 Cir., 329 F.2d 156. See also Rivera v. United States, 9 Cir., 318 F.2d 606.

The judgment of conviction is affirmed.

v.

Edward **LAMB** and Edward Lamb Enterprises, Inc., Defendants-Appellants-Appellees.

**No. 202, Docket 29940.**

United States Court of Appeals Second Circuit.

Argued Dec. 17, 1965.

Decided June 27, 1966.

Alexander D. Calhoun, Jr., of Graham, James & Rolph, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., James J. Brosnahan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and DUNIWAY, Circuit Judges.

PER CURIAM:

In this narcotics case the government, at the trial, showed possession of illicit drugs. No evidence was offered to explicitly prove illegal importation. But the conviction was obtained upon the presumption set forth in 21 U.S.C. § 174. Defendant-appellant says the presumption cannot go so far as to cover the element of illegal importation. The argument has original merit, but is concluded by our decision in Brothers v. United States, 9 Cir., 328 F.2d 151. We decline to reconsider that case.

A second point is the indictment charged that on a certain date Shelton