James Frederick **BRAININ**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20073.

United States Court of Appeals
Fifth Circuit.

March 14, 1963.

James Frederick Brainin, pro se., Samuel D. McDaniel, Corpus Christi, Tex., for appellant.

Morton L. Susman, Asst. U. S. Atty., Houston, Tex., Woodrow Seals, U. S. Atty., Scott T. Cook, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, RIVES and GEWIN, Circuit Judges.

PER CURIAM.

Appellant, represented below by counsel of his own selection, was convicted of the sale and concealment of narcotic drugs in violation of federal statutes. Here, appearing by court appointed counsel, he makes only one contention. That is that, as matter of law, he was entrapped into committing the offense, and the district judge, therefore, erred in not directing a verdict for defendant.

We think it clear that there is no basis in the record for this claim of error. No request for such an instruction, indeed for any instruction, on the issue was made below. Moreover, the testimony is such that it would not support such an instruction if a request had been made. There is evidence that the sale was made to a government informer as a result of a plan of federal officers to offer appellant an opportunity to make the sale, but there is no evidence that the defendant was entrapped, that is was induced or persuaded to make such sale, indeed there was abundant evidence that he was not, but that he was a ready and willing violator of the narcotics laws and that the action of the government agent merely furnishes him, a willing seller, an opportunity to make the sale.

Under the circumstances shown in this record, there is no basis for an instruction that the defendant was entrapped. The evidence does not bring the case within the doctrine of United States v. Sherman, 2 Cir., 1952, 200 F.2d 880. See also, Suarez v. United States, 5th Cir., 309 F.2d 709; Rodriguez v. United States, 5th Cir., 227 F.2d 912; United States v. Place, 2nd Cir., 263 F.2d 627; Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859.

The judgment is, therefore,

Affirmed.