**Francisco Diaz LLAMAS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 63-C-837.

United States District Court
E. D. New York.

Aug. 23, 1963.

---

Francisco Diaz Llamas, pro se.

Joseph P. Hoey, U. S. Atty., by Michael Gillen, Asst. U. S. Atty., for United States.

MISHLER, District Judge.

Defendant (in this application characterized himself as petitioner) Francisco Diaz Llamas moves to set aside the sentence imposed pursuant to 28 U.S.C. § 2255. The moving party prays that a writ of habeas corpus issue and a hearing be held.

The files and records conclusively show said defendant is entitled to no relief and the request for a writ and a hearing must be denied.

The indictment charged the moving party and co-defendant with two counts. The first count charged a sale of narcotics in violation of 21 U.S.C. § 174; the second count charged a conspiracy in violation of 21 U.S.C. § 174. (The Court parenthetically refers to 18 U.S.C. § 371.)

Defendant claims a violation of his constitutional rights granted in the Fifth and Sixth Amendments were violated. The nub of the petition is the failure of the indictment to name the person or persons to whom said defendant allegedly sold the narcotics. Defendant appealed his conviction and his conviction was affirmed 2 Cir., 280 F.2d 392.[1]

The identity of the purchaser or purchasers is not an element of either of the crimes charged. The person or persons who allegedly purchased the narcotics were potential Government witnesses. There was no obligation to disclose names of witnesses by naming them in the counts. Cordova v. United States, 1962, 10 Cir., 303 F.2d 454, 455; United States v. Gasoline Retailers Association, Inc., 1961, 7th Cir., 285 F.2d 688, 692; Young v. United States, 1954, D.C.Cir., 94 U.S.App.D.C. 54, 212 F.2d 236, 237–238; United States v. Perl, 1954, 2 Cir., 210 F.2d 457, 458. Count two fixes the time of the sale, the place,[2] the nature and quantity of the narcotics sold[3] and the sum received by co-defendant Jose Rodriguez, i. e., $130.00. It further states that co-defendant, Jose Rodriguez, handed petitioner a sum of money at the time and place previously stated.

In United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92, the Supreme Court reviewed the sufficiency of an indictment charging defendant with perjury. The indictment failed to name the person who administered the oath. The Court said at pp. 377–378 of 346 U. S., at page 115 of 74 S.Ct.:

> "The charges of the indictment followed substantially the wording

1. The opinion recites the purchaser as being Agent Garofalo who testified as the chief Government witness.

2. " * * * in the hallway of premises 574 Greene Avenue, Brooklyn, N.Y."

3. " * * * 20 grams of heroin hydrochloride."

of the statute, which embodies all the elements of the crime, and such charges clearly informed the defendants of that with which they were accused, so as to enable them to prepare their defense and to plead the judgment in bar of any further prosecutions for the same offense. * * * The sufficiency of the indictment is not a question of whether it could have been more definite and certain. If the defendants wanted more definite information as to the name of the person who administered the oath to them, they could have obtained it by requesting a bill of particulars. Rule 7(f), F.R.Crim. Proc."

Both counts of the indictment substantially employ the language of the statute which embodies all the elements of the crime. The Court finds the indictment sufficient.

Defendant cited United States v. Simmons, 1878, 96 U.S. 360, 24 L.Ed. 819, and Larkin v. United States, 1901, 7th Cir., 107 F. 697, in support of his application. These cases support the Government's position.

■ In United States v. Simmons, supra, the indictment charged defendant with causing someone else to operate a still. The Court said that the failure to name such person or state that the person was unknown to the grand jury rendered the indictment insufficient and invalid. The Court said:

"Where the offence is purely statutory, having no relation to the common law, it is, 'as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter.'"

The only qualification is that defendant be fairly apprised of the charge so that he may properly prepare his defense and be able to plead the judgment as a bar to any subsequent prosecution for the same offense.

In Larkin v. United States, supra, defendant was charged with mail fraud under a section which referred to a scheme "* * * to be effected by either opening or intending to open correspondence or communication with any person * * or by inciting such other person or any person to open communication with the person so devising or intending * * *." In holding that the persons so defrauded had to be named to sustain the sufficiency of the indictment, the Court said at p. 699 of 107 F.:

"The indictment in this case, it is to be observed, does not charge a scheme to defraud the public generally, or to defraud a class not capable of being resolved into individuals. * * * These expressions [language of indictment] clearly import an intention to defraud definite individuals, with whom it was intended to open correspondence, and who, therefore, by the settled rule of pleading, should have been described by name in the indictment, or a good and true reason given for the omission."

The Court pointed out the fraud charged was in fact a common law conspiracy to defraud and as such required the naming of persons defrauded since such statement was required in charging the common law crime.

Recently, the Court of Appeals of the 7th Circuit reviewed the question here raised in Lauer v. United States (1963), 320 F.2d 187. Defendant was indicted for violation of 26 U.S.C. § 4705(a).[4] The Court said:

"The identity of the purchaser of the narcotic is not an element of the offense of unlawful sale proscribed by 26 U.S.C.A. § 4705(a). But,

---

4. 26 U.S.C. § 4705(a) states: "General requirement.—It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

because of the type of offense involved, the purchaser's name is a factor which in the absence of allegations properly excusing or overcoming its omission is essential to meet the test recognized in Debrow, Simmons and Larkin as the standard by which the validity of an indictment and its sufficiency to support a conviction are to be measured."

 Defendant claims the evidence was insufficient to support the verdict The Court of Appeals passed on the sufficiency of the evidence in its review. This claim was also made by defendant in prior applications. It is again rejected.

Motion is denied.