**UNITED STATES of America**
v.
**Elijah JACKSON, Appellant,**
No. 14942.

United States Court of Appeals
Third Circuit.

Submitted Jan. 4, 1965.

Decided March 8, 1965.

Rehearing Denied May 14, 1965.

See also D.C., 221 F.Supp. 755.

Elijah Jackson, pro se.

Isaac S. Garb, Asst. U. S. Atty., Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and KALODNER and SMITH, Circuit Judges.

BIGGS, Chief Judge.

The defendant-appellant, Elijah Jackson, was convicted on each count of a six-count indictment charging violations respectively of Section 174, 21 U.S.C.A. and of Section 4705(a), 26 U.S.C.A. He was sentenced to ten years imprisonment on each count, the sentences to run concurrently. Jackson had previously pleaded guilty to a charge of violating 21 U.S.C.A. § 174. This court affirmed his conviction as charged in the case at bar. United States v. Jackson, 300 F.2d 758 (3 Cir. 1962), cert. denied 374 U.S. 835, 83 S.Ct. 1882, 10 L.Ed.2d 1056 (1963).

Jackson's appeal in the instant proceeding is from a denial of his motion, brought pursuant to Section 2255, 28 U.S.C., to vacate and set aside the conviction on the ground that the indictment did not set forth the name of the alleged purchaser of narcotic drugs from Jackson.

It is well settled that an indictment is good under the Constitution and laws of the United States where (1) it advises the accused of the nature and cause of the accusation sufficiently to enable him to meet the accusation and prepare for trial, and (2) where after judgment, he may be able to plead the record and judgment in bar of further prosecution for the same offense, *i. e.* to plead double jeopardy if a later trial were to be attempted for the same offense. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Wong Tai v. United States, 273 U.S. 77, 80, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Vanderesse v. United States, 321 F.2d 57 (3 Cir. 1963); see also Rule 7(c), Fed.R. Crim.Proc. Convictions are no longer reversed because of minor and technical deficiencies which do not prejudice the accused. Rua v. United States, 321 F.2d 140 (5 Cir. 1963), cert. denied 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 738 (1964).

In support of his position as to the first requisite of an indictment Jackson relies upon Lauer v. United States, 320 F.2d 187 (7 Cir. 1963). The court in Lauer dealt solely with Section 4705(a), 26 U.S. C.A., an offense separate and distinct from that proscribed by Section 174, 21 U.S.C.A. Gore v. United States, 100 U.S.App.D.C. 315, 244 F.2d 763, aff'd 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). The gravamen of the offense proscribed by Section 4705(a) is selling to a particular, unlicensed individual, a condition not necessarily requisite to Section 174. Section 174, like Section 176a, 21 U.S.C.A., is a general prohibition of the sale of narcotics. Lauer v. United States, supra, 320 F.2d at 191. Under the circumstances we think that the Court of Appeals of the Seventh Circuit would not require the purchaser of the narcotics to be named in an indictment brought pursuant to Section 174. See United States v. Garfoli, 324 F.2d 909 (7 Cir. 1963). Other circuits follow this view. Firo v. United States, 340 F.2d 597 (5 Cir. 1965); McDowell v. United States, 330 F.2d 920 (10 Cir.), cert. denied 377 U.S. 1006, 84 S.Ct. 1944, 12 L.Ed.2d 1055 (1964); Robinson v. United States, 329 F.2d 156 (9 Cir. 1964); Llamas v. United States, 226 F. Supp. 351 (E.D.N.Y.1963), aff'd 327 F.2d 357 (2 Cir. 1964); Jackson v. United States, 325 F.2d 477 (8 Cir. 1963).

The court in Lauer recognized that the name of the purchaser "is not an element of the offense * * * proscribed by * * * § 4705(a)", but held that "26 U.S.C.A. § 4705 does not interdict, generally, the sale of narcotic drugs [but] * * * the offense as proscribed in § 4705(a) is explicitly limited to a sale, barter, exchange or gift not made 'in pursuance of a written order of the person to whom such article is sold * * *'. Thus the identity of the 'person to whom' such a sale is alleged is a factor 'central to every prosecution under the statute' and of which the accused is entitled to

be apprised by the indictment.", 226 F.Supp. at 190–191.

The Courts of Appeals of the Tenth and Eighth Circuits respectively, in Clay v. United States, 326 F.2d 196 (10 Cir. 1963), cert. denied 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050 (1964) and in Adams v. United States, 333 F.2d 766 (8 Cir. 1964), cert. denied 85 S.Ct. 650 (1965), considered Lauer and declined to follow it. The court in Clay, relying on the strict language of the statute and Rule 7(c), Fed.R.Crim.Proc., 18 U.S.C., held that the inclusion of the elements of the offense was sufficient and that the test of sufficiency is not whether the indictment could have been made more definite and certain. United States v. Perlstein, 126 F.2d 789, 798 (3 Cir.), cert. denied 316 U.S. 678, 62 S.Ct. 1106, 86 L.Ed. 1752 (1942); Rule 7(f), Fed.R. Crim.Proc. In Adams the court held that the name of the purchaser of the narcotics was not an element of the offense charged. Pellom v. United States, 333 F.2d 766 (8 Cir. 1964).

■ In any event Jackson was not prejudiced by the failure of the United States to include the name of the alleged purchaser of narcotics in the indictment concerned here. The indictment states with particularity the dates of the violations, where they occurred, the times of occurrence, and the kinds of narcotic drugs and the quantities sold. In addition, the conviction sought to be set aside arose out of the fourth trial for the same offenses, so that Jackson had the benefit of the records of the three previous trials wherein the purchasers, Daniel E. Evans, a plainclothes man, and Gerald Ross, a "special employee" of the Federal Bureau of Narcotics, were not only identified but testified fully as to the circumstances surrounding the purchases.

■■ As to the second contention of Jackson that he is not protected against double jeopardy, we need only say that after conviction the entire record may be relied on by the accused to avail himself of the defense of former jeopardy if the need should arise. Casias v. United States, 331 F.2d 570 (10 Cir. 1964); Clay v. United States, 326 F.2d, supra at 199; United States v. Smith, 232 F.2d 570 (3 Cir. 1956). The record in the instant case is more than sufficient in this regard. We need not decide here whether an indictment would be fatally defective in which neither the indictment nor the record disclosed the identity of the person or persons to whom the sale or sales were made. It might be noted that Lauer did not deal with the second requirement of an indictment and is not authority on which Jackson may rely.

■■ We might add that a collateral attack upon an indictment, as made here, is sustainable after sentence only where the indictment fails to charge an offense under any reasonable construction. United States v. Koptik, 300 F.2d 19 (7 Cir. 1962). A motion to vacate under Section 2255 ordinarily can be maintained only on grounds which would justify the grant of a writ of habeas corpus. Keto v. United States, 189 F.2d 247 (8 Cir. 1951).

Accordingly, the order of the court below denying Jackson's motion to vacate the judgment of conviction will be affirmed.