**UNITED STATES of America**

**v.**

**John LESTER at State Correctional Institution, Graterford, Petitioner,**

**David N. Myers, Supt., Corr. Inst. at Graterford, Pennsylvania, Custodian.**

**Civ. A. No. 40216.**

United States District Court
E. D. Pennsylvania.

April 4, 1967.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for United States of America.

John Lester, pro se.

### OPINION

KRAFT, District Judge.

The petitioner was indicted and convicted upon two counts of a four count indictment charging him and three others with conspiracy and violations of the bank robbery statute, 18 U.S.C.A. § 2113(a), (d).[1]

---

1. The petitioner began serving his 5 year federal sentence imposed under Count II of the Indictment, sometime in November, 1966 following his release from state custody under a prior state sentence. The petitioner also received a suspended sentence under Count I with 5 years probation, scheduled to commence upon the completion of his sentence under Count II.

Count I, in part, charged the petitioner with conspiracy [2] " * * * to commit an offense against the United States by assaulting and placing in jeopardy by use of a .22 caliber pistol the lives of bank employees and others while committing an offense in violation of Title 18, United States Code 2113(a), to wit: *while taking money, by force and violence, from an employee of a Savings and Loan Association* insured by the Federal Savings and Loan Insurance Corporation in violation of 18 United States Code Section 2113(d)." (Emphasis ours.)

Count II charged the petitioner with taking $2,733.90 by force and violence and assaulting and jeopardizing the life of a bank teller in the course of the taking in violation of § 2113(d).[3]

Briefly stated, the petitioner contends that the indictment is fatally defective because all of the Counts charging violations of §§ 2113(a) and (d) omit the "essential elements (sic) of 2113(a)" which is "larceny." [4] He relies strongly on United States v. Roach, 321 F.2d 1 (3 Cir. 1963) which was an appeal from a conviction on four counts of an indictment charging certain offenses under 18 U.S.C.A. § 2113.

The petitioner's reliance is misplaced because in *Roach* the defendant was charged under § 2113(a) with unlawful entry to commit larceny, while in this case there was, no such charge made, but rather, the indictable offense was *robbery*.

18 U.S.C.A. § 2113(a) [5] in two distinct paragraphs defines the two *separate* offenses of *robbery* and *unlawful entry*. Prince v. United States, 352 U.S. 322, 326, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). It is clear that the previously quoted portion of the indictment,[6] sufficiently apprised the petitioner of the essential elements of the crime of robbery as set forth in the first paragraph of subsection (a).

We conclude that the petition is. without merit.[7] Accordingly, we enter the following.

## ORDER

Now, this 4th day of April, 1967, it is ordered that the motion of John Lester to vacate and set aside his sentence under § 2255 be, and it is, denied.

---

2. 18 U.S.C.A. § 371. The petitioner's attack on Count ·I is premature since he has not completed his prison sentence under Count II. Parker v. Ellis, 362 U.S. 574, 575, 80 S.Ct. 909, 4 L.Ed.2d 963 (note) (1960).

3. Subsection (d) provides as follows: "Whoever, in committing or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 ·or imprisoned not more than twenty-five years, or both."

4. The petitioner further contends that the omission of the words "steal" or "stolen" is fatal to a charge under § 2113(b). No charge is made in the indictment regarding any violations of § 2113(b).

5. "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

"Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so· used, any felony affecting such bank or savings and loan association in violation of any statute of the United States, or any larceny. * * * "

6. See the copy of the indictment attached· to the answer of the United States.

7. An additional reason for denying the· motion is that § 2255 can be utilized collaterally to attack an indictment only when the indictment fails to charge an offense under any reasonable construction. Such a situation does not prevail in this case. United States of America v. Jackson, 344 F.2d 158, 160 (3 Cir. 1965).