**Lawrence Paula SNOWDEN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23565.**

United States Court of Appeals
Fifth Circuit.

Oct. 16, 1967.

James F. Mulla, Jr., New Orleans, La., for appellant.

John C. Ciolino, Asst. U. S. Atty., New Orleans, La., for appellee.

Before WISDOM and GODBOLD, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

■ The appellant, Lawrence P. Snowden, was convicted on both counts of a two-count indictment charging unlawful sale of narcotics in violation of 26 U.S.C. §§ 4704(a) and 4705(a). Snowden now, for the first time, attacks the indictment

on the ground that the identity of the purchaser was not shown and contends that this renders the indictment insufficient under Rule 7(c) of the Federal Rules of Criminal Procedure. We rejected this contention in Borroto v. United States, 5 Cir. 1964, 338 F.2d 60, and, in keeping with this decision and those of the four other Circuits that have considered this issue,[1] continue to do so.

Snowden asserts that the decisions in the other Circuits apply only to collateral attacks on indictments and not to direct attacks, in which category the present case falls. *Borroto* did involve a direct attack, however. In any event, we perceive no distinction between direct and collateral attacks relevant to the present issue.

■■ We find no substance in Snowden's assertion that the remarks of the prosecuting attorney in his closing argument were contrary to the facts and evidence and were prejudicial to him. As to his contention that the trial court committed error in failing to instruct the jury on entrapment, we find no evidence developed in the trial raising this issue. See Brainin v. United States, 5 Cir. 1963, 314 F.2d 460, reh. denied 5 Cir., 317 F.2d 69.

The judgment of the trial court is affirmed.

GODBOLD, Circuit Judge (dissenting).

I dissent. The defendant requested an instruction on entrapment, which was refused. In Brainin v. United States, 314 F.2d 460, rehearing denied, 317 F.2d 69 (5th Cir. 1963), relied on by the majority, the defendant did not ask an instruction and on appeal claimed there was entrapment as a matter of law.

This Court, in Suarez v. United States, 309 F.2d 709 (5th Cir. 1962), held that entrapment "is an issue to be decided by a jury, unless the evidence admits of no

other interpretation but that the defendant was entrapped."

In Kivette v. United States, 230 F.2d 749 (5th Cir. 1956) this Court adopted the oft-quoted two-step analysis of entrapment cases which Judge Learned Hand had laid out in United States v. Sherman, 200 F.2d 880, 882–883 (2d Cir. 1952):

"Therefore in such cases two questions of fact arise: (1) did the agent induce the accused to commit the offence charged in the indictment; (2) if so, was the accused ready and willing without persuasion and was he awaiting any propitious opportunity to commit the offence. On the first question the accused has the burden; on the second the prosecution has it."

There was more than adequate evidence in this case to make a jury question on inducement. The government did not produce evidence sufficient to even make a jury question on predisposition.

1. Collins v. Markley, 7 Cir. 1965, 346 F. 2d 230; Taylor v. United States, 8 Cir. 1964, 332 F.2d 918; Clay v. United States, 10 Cir. 1963, 326 F.2d 196; Llamas v. United States, D.C.E.D.N.Y.1963, 226 F.Supp. 351, aff. 2 Cir. 1964, 327 F.2d 657.