**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles W. SPENCE, Defendant-
Appellant.**

**No. 28332**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 28, 1970.

Jack J. Taffer, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Theodore Klein, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

Appellant was charged by information with selling, delivering or disposing of

three LSD tablets in violation of 21 U.S. C. §§ 331(q) (2), 360a(b), and 321(v) (3). He plead not guilty in the District Court, Southern District of Florida, and waived trial by jury. That court found appellant guilty as charged and, after a pre-sentence investigation, sentenced him to one year imprisonment. He has been released on supersedeas bond following his notice to appeal to this court.

The evidence upon which appellant's guilt was determined below is based mainly on the uncorroborated testimony of an undercover agent who solicited from appellant the sale in question here. The testimony was that after having made earlier contact with appellant, the latter invited the agent into a small house in which there were about a dozen people listening to records. The agent observed the appellant and one Shelton sitting on the floor wrapping approximately 70 purple tablets in aluminum foil. The agent then asked appellant if he had any LSD for sale, to which the appellant replied, "These are LSD". There ensued negotiations concerning the price which involved conversations between the appellant and Shelton and then between appellant and the agent. When the price was agreed upon, Shelton handed the tablets to the agent and the agent gave Shelton the money. The appellant admits the earlier contact with the agent but denies the above transaction, and his testimony is supported by the testimony of his girl friend who was present and who testified that she and appellant had walked away from Shelton and the agent before the sale had been consummated.

Appellant's contention is that there was insufficient evidence to support the conviction, in that the Government did not prove that LSD is a drug within the prohibitory sections of Title 21, and that the evidence did not show sale, delivery or disposition by the appellant himself. Also contended is that the agent, when testifying, relied on notes and not on independent memory to relate the events that transpired.

■ Title 21, U.S.C., § 360a(b) states that "no person * * * shall sell, deliver or otherwise dispose of any depressant or stimulant drug * * *". Section 321(v) of that title defines "depressant or stimulant" as "any drug which contains any quantity of substance which the Secretary * * * by regulation designates as having a potential for abuse because of its depressant or stimulant effect * * *". It is stipulated by the parties that the substance involved in the present sale is LSD. The Secretary has promulgated in 33 Federal Register No. 193, Part II, dated October 3, 1968, a regulation entitled "Listing of Drugs Defined in Section 201(v)" which specifically refers to LSD by these initials and by chemical name. It was therefore unnecessary for the Government to prove that LSD comes within the prohibitory sections of § 321(v), as this court takes judicial notice of this regulation. 44 U.S.C.A. § 1507; Green v. United States, 1 Cir., 1949, 176 F.2d 541.

■ As to appellant's contention that the evidence does not show that *he* made the sale, we must view the evidence in a light most favorable to the Government. 18 U.S.C.A. Rule 29, n. 11. Viewed as such, the evidence shows that, while appellant did not receive the money nor hand the tablets to the agent, he was the contact who instigated the sale, who negotiated for the price and who had possession in conjunction with the person who actualy passed the tablets to the agent. That he did not actually pass the tablets nor receive the money does not make him any less a seller under these circumstances.

■ As to appellant's final contention, a reading of the record reveals that the agent used the notes, which he had taken immediately after the sale, only to refresh his memory and not exclusively and independently of his own recollection of the events.

Affirmed.