**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Nabi FERRA, Defendant-Appellant.**

**No. 27754.**

United States Court of Appeals,
Fifth Circuit.

June 26, 1970.

Rehearing Denied and Rehearing En Banc
Denied Aug. 21, 1970.

Joel Hirschhorn, Miami, Fla., court-appointed, for appellant.

Robert W. Rust, U. S. Atty., Jose E. Martinez, Michael J. Osman, Asst. U. S. Attys., Miami, Fla., for appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GEWIN, Circuit Judge:

In January 1969 a federal Grand jury returned a four count indictment against appellant, Nabi Ferra. Counts one and three charged Ferra with violating 26 U.S.C. § 4704(a) by dispensing and distributing a narcotic not in or from the original stamped container; counts two and four charged him with selling, bartering, exchanging and giving away a narcotic drug in violation of 26 U.S.C. § 4705(a).[1] Ferra pleaded not guilty at his arraignment and subsequently filed several pre-trial motions including a motion to dismiss based on the following grounds: (1) The indictment fails to state facts sufficient to constitute an offense against the United States; (2) the statutes in question are unconstitutional. Following the district court's denial of his motions, Ferra pleaded guilty to counts one and three. His plea of guilty was accepted after careful and cautious interrogation of Ferra by the court in the presence of his counsel. He assured the court that his guilty plea was made freely, voluntarily and understandingly after consultation with his counsel in whom he expressed complete confidence. In our judgment the record clearly shows that the guilty plea was properly accepted by the court. Counts two and four were dismissed. On this appeal, Ferra raises the same basic questions advanced in his motion to dismiss, with the exception that he now relies on the Supreme Court's recent decision in Turner v. United States[2] to bolster his

1. Only counts one and three are involved in this appeal. They charge:

Count One
That on or about the 25th day of September 1968, at Miami, Dade County, in the Southern District of Florida,
NABI FERRA
did dispense and distribute a narcotic drug, that is, approximately 38.830 grams of Cocaine, not in the original stamped package and not from the original stamped package; in violation of Title 26, United States Code, Section 4704(a).

Count Three
That on or about the 3rd day of October 1968, at Miami, Dade County, in the Southern District of Florida,
NABI FERRA
did dispense and distribute a narcotic drug, that is, approximately 4.070 grams of Cocaine, not in the original stamped package and not from the original stamped package; in violation of Title 26, United States Code, Section 4704(a).

2. 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

contention that § 4704(a)[3] is unconstitutional. After a careful consideration of these issues, we are convinced that Ferra's conviction must be affirmed.

■ Ferra's first contention, that the counts charging a violation of § 4704(a) fail to allege sufficient facts to constitute a crime, is based solely on the fact that the indictment fails to give the name of the transferee to whom the narcotics were dispensed or distributed. The Fifth Circuit has aligned itself with a majority of the circuits which hold that such a failure is not reversible error.[4] The fact that the defendant made a pre-trial discovery motion requesting the name of the transferee does not alter our conclusion. In a related case, Barbee v. United States, where the government refused to supply the name of the victim of a confidence game, we stated:

> Although we question the nicety of the government's lack of cooperation, we find no reversible error. The indictment sufficiently informed the appellants of the nature of their charges even though no victim's name was mentioned. Mount v. United States, 5 Cir. 1964, 333 F.2d 39, 42–43, cert. den., 379 U.S. 900, 85 S.Ct. 188, 13 L.Ed.2d 175; Rua v. United States, 5 Cir. 1963, 321 F.2d 140, 141, Cf. Borroto v. United States, 5 Cir. 1964, 338 F.2d 60; Snowden v. United States, 5 Cir. 1967, 384 F.2d 357; Escobar v. United States, 5 Cir. 1967, 388 F.2d 661.[5]

We would also note that the principal case relied on by Ferra, Lauer v. United States,[6] was reversed en banc by the Seventh Circuit in Collins v. Markley, where the court stated:

> We are now informed that the Courts in some twenty-five different cases from six Circuits have considered our decision in Lauer. In none of them has the Lauer decision been approved.

> We now conclude that we were in error in our decision and holding in Lauer.[7]

In our opinion this excerpt forecloses Ferra's argument that Lauer is distinguishable from Collins on the ground that in the former the defendant made a pretrial motion for discovery of the transferee's name.

■ Appellant's attack on the constitutionality of § 4704(a) is two-pronged. His first contention is precisely the same as that raised by the motion to dismiss. In essence, Ferra contends that Congress lacks the constitutional authority to prohibit the dispensing or distribution of a narcotic not in or from the original stamped package. He argues that Congress may only proscribe the *sale* of a narcotic not in or from an original stamped container. We have examined the authorities cited by appellant and find no support from this contention.

The *second prong* of Ferra's constitutional attack focuses exclusively on the Supreme Court's recent decision in Turner v. United States.[8] Ferra insists that the Court's invalidation of the 4704(a) presumption as applied to cocaine requires reversal of his convic-

---

3. Title 26 U.S.C. § 4704(a) provides:
   (a) General requirement.—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from Narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found.

4. Borroto v. United States, 338 F.2d 60, 61 (5th Cir. 1964). *See* Snowden v. United States, 384 F.2d 357 (5th Cir. 1967).

5. 392 F.2d 532, 539 (5th Cir. 1968).

6. 320 F.2d 187 (7th Cir. 1963).

7. 346 F.2d 230, 232 (7th Cir. 1965).

8. 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

tion. We reject this argument as meritless.

■ The defective presumption was not employed in appellant's conviction. It is important to understand that the Court in the *Turner* decision did not invalidate the criminal provisions contained in § 4704(a). Only the evidentiary presumption contained in 4704(a) as applied to cocaine was found unconstitutional,[9] and as we stated, this presumption was not used in any way in the instant case. The elements of the crime defined in § 4704(a) were admitted by Ferra when he pleaded guilty. Except for a vague "denial of due process" allegation, appellant fails to suggest any way in which his conviction was prejudiced by the unused evidentiary presumption. Similarly, Ferra never intimates that his guilty plea was in any way influenced by the presence of the presumption in 4704 (a).[10]

■ Furthermore, considering the nature of the case against Ferra,[11] we are unable to imagine any way in which the presumption might have influenced his guilty plea. The gravamen of the charges against Ferra was that he sold cocaine to Special Agent Rafael Castillo on two occasions. The formal charges stated that Ferra dispensed and distributed a narcotic drug not in or from the original stamped package. The agent's testimony alone was sufficient to prove the elements of the crime charged. Use of the presumption in such a situation would be superfluous.

The presumption has practical value only where the evidence shows that the defendant merely *possessed* narcotics. The presumption permits the jury to infer from possession that the defendant was either purchasing, selling, dispensing or distributing a narcotic not in or from the original stamped package. We seriously doubt that the presumption would have been used if the not guilty plea had remained and the instant case had gone to trial. If it were used in our hypothetical situation, it would probably constitute only harmless error.[12] The important point here is that because of the evidence against Ferra, the presumption was simply not a factor to be considered in determining whether to enter a plea of guilty. We have endeavored to consider every conceivable way in which Ferra might have been prejudiced by the presumption set out in § 4704(a). We find none. The conviction is affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

**PER CURIAM:**

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

9. We are discussing here the impact of *Turner* on 26 U.S.C. 4704(a) and therefore do not deal with the fact that *Turner* also invalidated the presumption contained in 21 U.S.C. § 174 as applied to cocaine.

10. *Cf.* Carpenter v. Wainwright, 372 F.2d 940 (5th Cir. 1967) (where a coerced confession may have influenced a guilty plea).

11. We are able to discern the skeleton of the government's case from the testimony taken by the district court prior to accepting Ferra's guilty plea.

12. *See* Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, 626 (1970).