**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**J. C. COSTELLO, aka J. M. Costello,
Defendant-Appellant.**

No. 73–1808
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

John D. Buchanan, Jr., Tallahassee, Fla., for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Robert L. Crongeyer, Jr., Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction of possession of LSD in violation of 21 U. S.C. § 844(a) [1] and of distributing LSD in violation of 21 U.S.C. § 841(a)(1). [2] The appellant, James Costello, argues that the district court erred in three respects: (1) denying his motion for a bill of particulars, (2) failing to instruct the jury on the defense of entrapment, and (3) imposing consecutive sentences for a single criminal act. We affirm.

Costello, a college student, went to the apartment of his friend, Bob Heine. About the time Costello arrived Heine received a call from a person identified as Sue, now disclosed to have been acting as an undercover government informer. Heine interrupted his conversation with Sue to ask Costello if he "had heard of any drugs around." Costello responded that he had heard of some "acid." At Heine's request, Costello talked briefly to Sue on the phone about the procurement of some LSD. At ap-proximately 8 p.m. that same day undercover agents, Fallon, Eckard and the informer, Sue, visited Heine's apartment. Costello met them there, took some money from the agents and returned approximately five mintues later with a plastic bag containing 50 tablets of LSD. At his trial Costello testified that he had acquired the LSD from a third person only for purposes of this sale, that he had no police record, and he had never sold drugs before or since.

Costello's first two assignments of error are interrelated. He argues that the evidence presented was sufficient to require the court to instruct the jury on the law of entrapment, and that in the event it is held to be insufficient, such insufficiency resulted from the trial judge's abuse of discretion in denying his motion to discover evidence necessary to prove entrapment.

Entrapment occurs "when the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute."

Sorrells v. United States, 287 U.S. 435, 442, 53 S.Ct. 210, 212, 77 L.Ed. 413 (1932). The mere fact that the government provides the "opportunities or facilities for commission of the offense" is not sufficient. *Sorrells, supra* at 442, 53 S.Ct. at 212. There must be some inducement. The *success* of an entrapment defense is determinative of the guilt or innocence of an accused and as such is a jury question. In this circuit the initial burden of going forward with

1. It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter. Any person who violates this subsection shall be sentenced to a term of imprisonment of not more than one year, a fine of not more than $5,000, or both, except that if he com-mits such offense after a prior conviction or convictions under this subsection have become final, he shall be sentenced to a term of imprisonment of not more than 2 years, a fine of not more than $10,000, or both.

2. Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

some evidence of inducement by law enforcement officials is on the defendant, and "[i]f a defendant fails to carry the burden on the issue of entrapment forward, he is not entitled to submission of the issue to a jury." United States v. Groessel, 440 F.2d 602, 606 (5th Cir. 1971); Pierce v. United States, 414 F. 2d 163, 167 (5th Cir. 1969), *citing* Snowden v. United States, 384 F.2d 357 (5th Cir. 1967).

A brief comparison of the instant case with our recent opinion in United States v. Workopich, 479 F.2d 1142 (5th Cir. 1973), should illustrate why the trial judge was correct in not instructing the jury on entrapment. In *Workopich* the defendant, an addict, was approached not once but several times before he finally agreed to procure some heroin for undercover government agents. Additionally, it had been represented to him that the heroin was for addicts, like himself, who were experiencing the severe pains of withdrawal symptoms. In holding that the defendant was entitled to an instruction on entrapment the court noted that ultimately in making the sale "[t]he defendant was compliant but not eager."

■ The instant case is altogether different. Costello himself testified that after a brief "social exchange" the party on the telephone, known to him only as Sue, asked him if he could get some "acid." He replied that he had heard of some and agreed to "check on it." Such testimony does not show the least reluctance on his part nor does it evince even an inference of inducement by Sue. According to Costello himself, Sue merely inquired. She never tried to persuade. The most any government agent did was provide him the opportunity for commission of the crime. In refusing to instruct on entrapment the trial judge aptly stated "[t]here is no evidence that I can see of any inducement of any sort. I recognize the entrapment is an unusual matter and that

I ought to be as lenient as possible with respect to giving that instruction, but I feel that in this case there is no evidence whatsoever of any inducement or persuasion representations of any kind in the record and I must deny that request."

Any possible inference which might have been drawn from Costello's prior good record that he may have been unwilling to sell or would have to be induced to commit a crime was more than rebutted by his own testimony. Thus, to fault the refusal of an entrapment instruction here would be to hold that such an instruction is required any time there is evidence of an initial approach by the government. Pierce v. United States, 414 F.2d 163 (5th Cir. 1969), rejected this very idea.

■ Moreover, since Costello did not testify that Sue or other government officials induced him to sell LSD he failed to demonstrate how the discovery he requested through his motion for a bill of particulars would have aided him in discharging his burden of going foward on inducement. This is far short of what he must show to demonstrate that the trial judge abused his discretion in denying his motion. *See* United States v. Baggett, 455 F.2d 476 (5th Cir. 1972) and United States v. Clark, 482 F.2d 103 (5th Cir. 1973).

■ Costello's third asserted ground of error is also without merit. This circuit has long adhered to the so called "different evidence" test. United States v. Young, 482 F.2d 993 (5th Cir. 1973). Possession proscribed by § 844(a), which was complete when Costello received the drugs from the third party, and distribution in violation of § 841(a)(1), which occurred with transfer to the agents, are separate offenses under this standard, and conviction of both offenses in the instant case was proper.

Affirmed.