**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Clarence Lee FELTS, Defendant-
Appellant.**

**No. 74–1401
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 15, 1974.

Rehearing Denied Aug. 8, 1974.

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Wayne H. Paris, Houston, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James Gough, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Appellant Clarence Lee Felts was convicted after a jury trial on five counts charging conspiracy, possession with intent to distribute heroin, and unlawful distribution of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced for observation under the Youth Corrections Act, 18 U.S.C. § 5010(e) (1970). On this appeal, he contends that the district court erred in three respects: (1) refusing to instruct the jury on the defense of entrapment, (2) denying his motion for acquittal on the conspiracy count, and on counts four and five for lack of sufficient evidence, and (3) denying his pretrial motion for discovery. We affirm.

Felts and four co-defendants were charged in a nine-count indictment with conspiracy, possession with intent to distribute, and distribution of heroin. Felts was charged in only five counts of the indictment. Prior to trial each of the four co-defendants pled guilty to one count and the other counts were subsequently dismissed. An informant, Charles Reavis, directed Special Agent Thomas Ahr to Felts' apartment where Ahr purchased one gram of heroin from Felts on July 30, 1973. Subsequently Ahr returned to the apartment on August 1 and purchased additional heroin from Stewart, a co-defendant and Felts' roommate, who informed Ahr that Felts had arranged the sale. Additionally, Ahr had conversations with Felts on August 10, 11 and 15 regarding future heroin sales.

The district court refused to give an entrapment instruction on the basis of our decision in United States v. Costello, 483 F.2d 1366 (5th Cir. 1973) finding that there was no evidence whatsoever of any government inducement or persuasion to commit the crime charged or that Felts was reluctant to engage in the drug transactions. Felts contends that *Costello* is not applicable to the instant case because there the defendant took the witness stand. This contention ignores the well-recognized rule that the initial burden of going forward with some evidence of inducement by law enforcement officials is on the defendant. If he fails to carry his burden of going forward, he is not entitled to jury instructions on the entrapment issue. United States v. Costello, *supra*; United States v. Groessel, 440 F.2d 602 (5th Cir. 1971); Pierce v. United States, 414 F.2d 163 (5th Cir. 1969).

A review of the record demonstrates that Felts did not meet his initial burden of going forward. He willingly sold heroin to Agent Ahr on their first encounter in the apartment and agreed to make future sales if the heroin was satisfactory. Moreover, the trial judge, in denying the request, tracked the language of the Costello case, and stated, ". . . I feel in this case there is no evidence whatsoever of any inducement or persuasion, representations of any kind in the record, and I must deny the request." This finding is fully supported by the record.

Felts alleges that the evidence introduced by the government indicated that several small conspiracies existed rather than one large continuing conspiracy. In our opinion the evidence establishes that an agreement existed among the co-defendants to engage in the sale of heroin and that several overt acts were performed by each of them to

achieve this goal. Although some members of the conspiracy did not engage in every transaction, such proof is not required to establish a conspiracy. *See* United States v. Perez, 489 F.2d 51, 57–64 (5th Cir. 1973). There was sufficient evidence that each of the defendants conspired to possess and sell heroin.

Counts four and five of the indictment are concerned with the possession and distribution of heroin on August 1 by Felts and two other co-defendants. Felts asserts that he had no part in this transaction because he was attending a rock concert on that date. The evidence reveals that Agent Ahr purchased heroin from Felts on July 30, 1973 with the understanding he would purchase an ounce on August 1, if the previous purchase was satisfactory. When Felts left to go to the concert, he instructed his roommate, Stewart, to get Carlisle (another co-defendant) and make the sale to Ahr. In United States v. Spence, 425 F.2d 1079 (5th Cir. 1970) we held that a party who instigated the sale, negotiated the price, and caused the drug to be produced for the customer had constructive possession of it. Constructive possession is sufficient to support a conviction. *See also* Montoya v. United States, 402 F.2d 847 (5th Cir. 1968). There was sufficient evidence to convict Felts on counts four and five of the indictment.

Felts' final contention concerning the denial of his pre-trial motion for discovery, is also without merit. In his motion, he sought to obtain information about informer Reavis (his address, any statements made by him, and any money paid to him). He alleges that this information was essential to his defense of entrapment and that he was prejudiced because he did not receive it before trial. He relies on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) for these contentions.

Reavis was the government's second witness and testified to all the information requested by Felts. Some of the information was furnished by Agent Ahr, the first witness. Felts had adequate time to use the agents' testimony to prove entrapment in the course of the four-day trial. This he *failed* to do. He has not shown that he was prejudiced by the denial of his discovery motion.

Affirmed.