**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2011

No. 10-51164
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER PORRAS-BURCIAGA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-672-2

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Porras-Burciaga (Porras) was convicted by a jury of conspiracy to possess with intent to distribute five or more kilograms of cocaine (count one) and possession with intent to distribute five kilograms or more of cocaine and aiding and abetting (count three). *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841, 846. The district court sentenced Porras to concurrent 188-month terms of imprisonment and five years of non-reporting supervised release. Porras argues that the evidence was insufficient to sustain his convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Porras moved for a judgment of acquittal at the close of the case, he has preserved his sufficiency claim for appellate review. *See United States v. Ferguson,* 211 F.3d 878, 882 (5th Cir. 2000). Accordingly, we review to determine whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Lopez-Moreno*, 420 F.3d 420, 437-38 (5th Cir. 2005). We do "not evaluate the weight of the evidence or the credibility of the witnesses, but view the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict." *United States v. Delgado*, 256 F.3d 264, 273-74 (5th Cir. 2001). The Government may prove its case by direct or circumstantial evidence, and the jury is free to choose among reasonable constructions of the evidence. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007).

Porras argues that the evidence was not sufficient to establish beyond a reasonable doubt that he was a knowing member of the conspiracy alleged in count one. To establish a conspiracy to distribute a controlled substance, the Government must prove beyond a reasonable doubt: "(1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Valdez*, 453 F.3d 252, 256-57 (5th Cir. 2006). While mere association with criminal conspirators is inadequate to prove an agreement, circumstantial evidence may establish an agreement, and minor participation may support conviction. *United States v. Bieganowski*, 313 F.3d 264, 277 (5th Cir. 2002). Furthermore, "[a]s long as it is not factually insubstantial or incredible, the uncorroborated testimony of a co-conspirator, even one who has chosen to cooperate with the government in exchange for non-prosecution or leniency, may be constitutionally sufficient evidence to convict." *United States v. Westbrook*, 119 F.3d 1176, 1190 (5th Cir. 1997); *see United States v. Silva*, 748 F.2d 262, 266 (5th Cir. 1984). There is nothing

No. 10-51164

inherently incredible or insubstantial about the testimony of the confidential informant linking Porras to the conspiracy. *See Silva*, 748 F.2d at 266. The jury was free to choose among reasonable constructions of the evidence and reasonably conclude that Porras knowingly and willfully participated in the conspiracy. *See Mitchell*, 484 F.3d at 768.

Porras also challenges the sufficiency of the evidence to sustain his conviction for possession with intent to distribute cocaine on or about February 10, 2010, and aiding and abetting, arguing that the evidence was insufficient to demonstrate that he had knowledge of the unlawful venture. To establish the offense of possession of a controlled substance with intent to distribute, the Government must prove beyond a reasonable doubt that Porras had (1) knowledge, (2) possession of a controlled substance, and (3) an intention to distribute the controlled substance. *See Delgado*, 256 F.3d at 274. To establish aiding and abetting under § 2, the Government had to show that Porras "(1) associated with a criminal venture, (2) participated in the venture, and (3) sought by action to make the venture successful." *United States v. Ramirez-Velasquez*, 322 F.3d 868, 880 (5th Cir. 2003).

Even if the evidence did not support a finding that Porras was in actual possession of the cocaine ultimately received by the confidential informant on February 4, 2010, the evidence was sufficient to support the conviction based on constructive possession and/or aiding and abetting. The evidence supports a finding that Porras exercised dominion or control over the cocaine supporting a finding of constructive possession. *See United States v. Brito*, 136 F.3d 397, 411 (5th Cir. 1998); *see also United States v. Felts*, 497 F.2d 80, 82 (5th Cir. 1974). Moreover, the jury was entitled to find that Porras associated and participated in the criminal venture to possess with intent to distribute five kilograms or more of cocaine and sought by his actions to make the venture successful. *See Ramirez-Velasquez*, 322 F.3d at 880.

Viewing the evidence in the light most favorable to the jury's verdict, there was sufficient evidence supporting Porras's convictions on both counts. *See Jackson*, 443 U.S. at 319; *Lopez-Moreno,* 420 F.3d at 437-38. The judgment of the district court is AFFIRMED.